People of the State of Illinois, Plaintiff-Appellee, v. Leo Boney, Defendant-Appellant.

Gen. No. 53,488.

First District, Fourth Division.

August 19, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Harold A. Cowen, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant, a prisoner in a federal penitentiary, brings this appeal from a trial court order denying his motion for a declaratory order that a certain sentence imposed by that court had expired. Defendant originally filed this appeal in the Illinois Supreme Court, but that court, on its own motion, transferred the cause to this court with the following explanation:

> The proceeding was not a habeas corpus action, nor was it brought under the Post-Conviction Hearing Act. No substantial constitutional question is involved.

Defendant, under indictment for a federal offense and in federal custody at Leavenworth, Kansas, was brought, by means of a detainer, to Cook County, where he was tried and convicted of unlawful possession of narcotic drugs on February 17, 1959. He was sentenced to a term of 2 to 4 years. Defendant was then returned to federal custody, tried on a federal narcotics offense in March, 1959, and sentenced to 15 years in the federal penitentiary. The Illinois authorities placed a detainer with the U. S. Penitentiary at Leavenworth to hold defendant for return to Illinois at the conclusion of his federal sen-

172

tence. On December 9, 1959, and February 9, 1960, defendant, by counsel, presented motions which were calculated, generally, to release defendant from any obligation under his Illinois sentence. The motions were denied.

In April, 1968, defendant filed in the Circuit Court of Cook County a "Motion for Judgment," the basis for the instant proceeding. On April 15, 1968, a hearing was held on the motion without the presence of defendant, who was represented by court-appointed counsel. The court was advised of the facts as set out above, and defense counsel argued the proposition, citing authority, that defendant's Illinois term had expired while he was in the federal penitentiary, and that his sentence should be considered served.

■■ Defendant's primary contention is that the court should not have proceeded to hearing without defendant's being present, and because defendant's petition was defective due to his not having been afforded adequate representation by counsel. In this court, defendant relies solely on the statutory requirements as established under the Post-Conviction Hearing Act. Ill Rev Stats 1967, c 38, § 122–2. In view of the transfer order from our Supreme Court, finding that this proceeding was not brought under that statute, we must regard defendant's contention to be without merit. The motion filed by defendant is not a post-conviction petition but seeks an order in the nature of a declaratory judgment that defendant's Illinois term has expired. Further, it appears that defendant was adequately represented in the hearing. Defense counsel accurately stated the pertinent facts, and demonstrated, through a creditable argument, that he was well prepared with respect to the legal issues raised in defendant's motion. Defendant has not shown, nor do we find, that he was prejudiced as a result of defense counsel's representation or defendant's inability to be present at the hearing.

173

The substantive allegations of defendant's motion raise two basic questions: (1) As a matter of law, must the prior Illinois sentence of 2 to 4 years be considered concurrent with the later federal sentence, and therefore be considered as having been served? (2) Did Illinois relinquish jurisdiction when it turned defendant over to federal authorities? We answer both in the negative.

■■ With respect to the first, two or more sentences to the Illinois penitentiary are presumed to run concurrently, unless otherwise specified in the order of the court. People v. Toomer, 14 Ill2d 385, 152 NE2d 845; People v. Oldsby, 119 Ill App2d 412, 414, 256 NE2d 27. When, however, one sentence is to a federal penitentiary and another to the Illinois penitentiary, the contrary is true, and one must commence upon the completion of service of the other unless expressly stated otherwise in the commitment order. People ex rel. Hesley v. Ragen, 396 Ill 554, 562–563, 72 NE2d 311; People v. Hopkins, 55 Ill App2d 371, 204 NE2d 613; United States v. Kanton, 362 F2d 178; Ponzi v. Fessenden, 258 US 254, 265. Thus, defendant, who has not yet served his Illinois term, must satisfy the sentence through actual confinement, in conformity with the terms and conditions of the Illinois judgment, upon completion of his federal sentence.

■■ With respect to the jurisdictional issue, a sovereign, having jurisdiction over a convicted criminal, "may deliver such convicted person to the court of a different jurisdiction for trial, without losing its right to have him returned to serve his sentence." People ex rel. Hesley v. Ragen, supra, at 559. Moreover, in light of a defendant's overriding constitutional right to a speedy trial, a procedure such as that employed in the instant case is necessary. It has been held that a state must make a "diligent, good faith effort" to bring to trial a defendant, incarcerated in another jurisdiction, lest that right be violated. Smith v. Hooey, 393 US 374. Applying

that principle to the case at bar, after a proper judgment was entered against defendant in Cook County, Illinois, retains jurisdiction to accomplish its execution.

The judgment is affirmed.

Affirmed.

DRUCKER and LEIGHTON, JJ., concur.