THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM NELSON et al., Defendants-Appellants.

(Nos. 66-112, 68-103 cons.;

Third District—November 30, 1970.

James R. Flemming, of Coal City, for appellants.

Richard Wilder, State's Attorney, of Morris, for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

While on parole from the Illinois State Penitentiary, the defendants, Nelson and Jones, were arrested for a single burglary occurring in Grundy County, Illinois. They were indicted separately, and pled guilty. Nelson was sentenced to a term of 5 to 10 years; Jones, to a term of 3 to 5 years. The court ordered their sentences to run consecutively to the sentences then being served. Their separate appeals were consolidated for the purpose of review.

In 1960, Nelson had been convicted of burglary in Cook County, sentenced to a term of 3 to 10 years, and had one year, 27 days remaining to be served at the time of the instant offense. Jones, in 1960, had been convicted of burglary in Kankakee County, sentenced to a term of 3 to 10 years, and had one year, 10 months remaining to be served at the time of the instant offense.

The sole error claimed for reversal is that the trial court, in its admonition, failed to inform the defendants that the sentence in the instant case could be made to run consecutively with the sentence they were then serving.

■■ The law presumes that two or more sentences, to the same place of confinement, will run concurrently unless the order specifically relates that they are to run consecutively. *People v. Toomer* (1958), 14 Ill.2d 385, 387; *People v. Boney* (1970), 128 Ill.App.2d 170, 262 N.E.2d 766, 768. Based upon this presumption, the defendants argue that, where a plea of guilty is being considered, the element of possible consecutive sentencing is of the utmost importance and that it is therefore incumbent upon the court to include this possibility in its admonishment. Such admonishment was not given in the instant cases and the defendants thereby seek a reversal.

Defendants, in their brief, rely upon *People v. Rue* (1966), 35 Ill.2d 219. There, in three separate indictments the defendant was charged with deviate sexual conduct, robbery and aggravated battery; he was tried separately on the charge of aggravated battery, found guilty and sentenced from 2 to 5 years. Thereafter, he withdrew his pleas of not guilty to the other two indictments and entered pleas of guilty. He was sentenced to 5 to 10 years on deviate sexual conduct and 3 to 10 years

on robbery, all three sentences to be served consecutively. The three indictments were based upon events that occurred on the same date, against the same party. He was not advised that consecutive sentences could be imposed on each charge, nor was this claimed as error on appeal. The Court, in reversing on the grounds that a certain statement admitted was prejudicial to the defendant, added that since the case would have to be reversed, "we are of the opinion that the ends of justice require that the subsequent pleas of guilty to the other charges also be set aside" because they were interrelated. In the case before us, six years intervened between offenses and the matters cannot be considered as interrelated; therefore, we do not feel the *Rue* case dispositive of the question before us.

The State cites *People v. Nelson* (1962), 26 Ill.2d 337 as controlling. That case is not in point since there it was the plea in the original conviction that was under attack, not, as in the case before us, the plea in the second conviction.

During oral argument, defendants directed our attention to the new Supreme Court Rule 402, effective September 1, 1970, concerning admonitions to a defendant where a plea of guilty is offered. Specifically, Rule 402 (a) (2) provides that the defendant must be informed of the minimum and maximum sentence "including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences."

While this rule has not had the benefit of court interpretation, we note in its Committee Comments that reliance is placed in the ABA-Standards Relating to Pleas of Guilty. There the suggested standard is very similar to our new rule. The Advisory Committee commentary (at page 28), suggests that a defendant would have a more realistic apprisal of sentencing possibilities if the trial judge would set forth the maximum possible sentence, the minimum sentence where there is a mandatory minimum, and would explain the consecutive sentencing possibilities *where the defendant pleads to more than one offense.* The emphasized clause is the key to the question before us.

In the case at bar, the defendants pled guilty to a single offense and were properly informed of the possible sentence for that offense. The offense committed while on parole was in no manner interrelated to the crime of six years past (for which they were serving time). It would seem illogical to conclude that a person under the circumstances herein could presume that any sentence pronounced would necessarily run concurrently with a sentence then being served for an entirely unrelated crime. To hold that a parolee could hope for or presume a concurrent sentencing for an offense committed while on parole would hardly seem

a deterrent to criminal involvement. Further, it would place the parolee in a position more advantageous than that of a first offender guilty of the same crime and similarly sentenced. Should a concurrent sentence be applied in the instance of a parolee's second (and unrelated) offense, he would then be serving a single sentence for two offenses, while a first offender would be serving the same time for a single offense.

■■ We are of the opinion that under the circumstances of this case no reversible error was committed by the trial court's failure to include in its admonition the possibility of a consecutive sentence being entered against the defendants herein. Therefore the judgments appealed from are affirmed.

Judgments affirmed.

DAVIS, P. J., and ABRAHAMSON, J., concur.