THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD LEE HUDSON, Defendant-Appellant.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT W. HALE *et al.*, Defendants-Appellants.

(No. 72-182; ▮▮▮▮▮▮▮▮

Fifth District—April 25, 1973.

Kenneth L. Jones, of Defender Project, of Chicago, (Robert E. Farrell, of counsel,) for appellants.

William J. Scott, Attorney General, of Chicago, (James B. Zagel and Raymond McKoski, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The cases involving Robert Wayne Hale and Raymond Hollgarth were consolidated with the case involving Richard Lee Hudson because they all raise the same point on appeal. Defendant Hudson pleaded guilty to aggravated battery in the Circuit Court of Randolph County and was sentenced to the penitentiary for a term of not less than one nor more than two years. Because the crime was committed while defendant was already confined to the penitentiary, serving a term of 25 to 30 years for murder, his sentence was ordered to run consecutively to his murder sentence in compliance with the Penitentiaries Act then in force. (Ill. Rev. Stat., ch. 108, sec. 118.) Defendants Hale and Hollgarth were charged with the offense of escape from the penitentiary and each plead guilty to the charge in the Circuit Court of Randolph County. Upon the recommendation of the State, Hale received a sentence of one to two years to commence at the expiration of the sentence he was currently serving. Hollgarth also received a sentence of one to two years as recommended by the State to commence at the expiration of the sentence he was currently serving. On this appeal each defendant contends that the Act requiring the imposition of consecutive sentences has been rendered unconstitutional by Article I, Section II, of the Illinois Constitution (1970).

The statute in force at the time of sentencing provides as follows:

"When a crime is committed within any division or part of the penitentiary system by any person therein  *  *  *  (and that person is convicted of such crime)  *  *  *  the sentence of said convict shall not commence to run until the expiration of the sentence under which he is then held in confinement  *  *  *." Ill. Rev. Stat., ch. 108, sec. 118.

The new statute (ch. 38, par. 1005—8—4(f) and (g)) also provides that sentences for crimes committed while confined and for escape or attempted escape shall not commence until the expiration of the term under which the offender is being held.

The pertinent portion of the Illinois Constitution provides that:

"All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship  *  *  *." Art. I, Sec. II, Illinois Constitution (1970).

It is defendants' position that the statute is unconstitutional in that it

makes a consecutive sentence mandatory and denies the court any discretion contrary to the above provision, which defendants interpret as a demand that no penalty be imposed *until* the trial court has evaluated the seriousness of the offense and the possibility of rehabilitation of the offender.

■■ Defendants have cited no precedent in support of their proposition other than to reiterate the generally accepted theory that one of the prime purposes of modern day penology should be the rehabilitation of the offender. The position of the defendants is that we consider only this one provision of the new Illinois Constitution and ignore the remainder of the provisions in regard to sentencing.

■■ The new Constitution does not require the abolition of consecutive sentences. To do so would be to tie the hands of the courts and the legislature and render them powerless to impose punishment upon one who commits a crime which incarcerated. Without a consecutive sentence then, except in unusual cases such as where the prisoner has only a short time remaining on the sentence under which he is confined, the court could not really punish him. Thus, we find that Ill. Rev. Stat., ch. 38, par. 1005—8—4(f) and (g) is constitutional.

Each of these defendants received a consecutive sentence of one to two years. The new Unified Code of Correction requires that the sentences be consecutive and makes the minimum term one year.

The judgments of the Circuit Court of Randolph County are affirmed.

Affirmed.

EBERSPACHER, P. J., and MORAN, J., concur.