THE PEOPLE *ex rel.* SAMUEL LEE TOLLEY, Petitioner-Appellant, *v.* JOHN J. TWOMEY, WARDEN, Respondent-Appellee.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL LEE TOLLEY, Defendant-Appellant.

(Nos. 11718, 11973 cons.;

Fourth District—July 25, 1973.

Phillips, Phebus, Tummelson & Bryan, of Urbana, (Joseph W. Phebus, of counsel,) for appellant in 11718.

John F. McNichols, District Defender, of Springfield, (J. Daniel Stewart, Assistant Defender, of counsel,) for appellant in 11973.

Frank W. Lincoln, State's Attorney, of Tuscola, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant was found guilty in a jury trial of aggravated battery, aggravated assault, criminal damage to property and resisting arrest arising out of an incident occurring when the defendant entered an apartment building to try to see his children. Before sentencing, he escaped from the county jail and information was filed against him for such escape. The cases were consolidated for combined hearing on aggravation and mitigation and the court imposed a one to five year sentence for aggravated battery on Pat Pygott; three months for criminal damage to property; three months for another charge of criminal damage to property; one year for aggravated assault on Lucille Hoffman; one year for resisting arrest and a one year consecutive sentence for escape. The defendant pleaded guilty to the information charging escape and was not advised that a consequence of such a plea might result in a consecutive sentence. Under Rule 402(a) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)), a court is not permitted to accept a plea of guilty without informing the defendant of the maximum and minimum sentences to which he may be subjected. The court did not advise this defendant that his escape plea might result in a consecutive sentence. The State conceded that this was error. (*People v. Flannigan*, 131 Ill.App.2d 1059, 267 N.E.2d 739.) Accordingly, on October 30, 1972, this court

vacated the plea of guilty and the consecutive sentence for escape in No. 11973, and remanded the case to the circuit court with directions to permit the defendant to plead anew.

■■ The defendant was likewise sentenced to the penitentiary for one to five years on the aggravated battery charge. (No. 11973.) The defendant was not advised by the trial court of his right to appeal on the theory that the aggravated battery was treated as a misdemeanor and no advice to the defendant of his right to appeal was required under Rule 605. At the time of the defendant's plea and sentence, Rule 605 required the trial court to advise the defendant of his right to appeal only in felony cases. In July, 1971, that proviso was changed to provide for such advice to be given where the defendant is convicted of an offense punishable by imprisonment for more than six months. Thus today it would be necessary for him to be advised of his right to appeal. Inasmuch, however, as the defendant has perfected appeals in all cases, this issue becomes moot.

■■ The new Code of Criminal Corrections became effective January 1, 1973. (Ill. Rev. Stat. ch. 38, par. 1008—6—1.) That Code provided a new method of dealing with consecutive sentences, and under par. 1005—8—4 in par. (h) provides that "Paragraphs (e), (f) and (g) of this Section shall apply to persons in the custody of the Department of Corrections on the date this Act becomes effective * * *." Under Ill. Rev. Stat., ch. 38, par. 2—7, a felony is defined as "an offense punishable with death or by imprisonment in the penitentiary". Thus the aggravated battery charge carrying a sentence of one to five years imposed by the court brings into play par. 1005—8—4(e) which provides in substance that under the circumstances here stated the defendant shall be treated "as though he had been committed for a single term with the following incidents: (1) the maximum period of an indeterminate term of imprisonment shall consist of the aggregate of the imposed indeterminate terms plus the aggregate of the imposed determinate sentences for misdemeanors subject to paragraph (c) of this Section; * * *." Applying these provisions then to the case at bar, we find an indeterminate sentence of one to five years imprisonment in the penitentiary which may be followed by a consecutive sentence for escape. Accordingly, the defendant's conviction and sentence in No. 11973 is affirmed. The denial of *habeas corpus* in No. 11718 is affirmed.

Judgments affirmed.

TRAPP and SIMKINS, JJ., concur.