THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD GRIFFITH, Defendant-Appellant.

(No. 12546;

Fourth District—March 27, 1975.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (James R. Coryell, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant, while on parole for a prior offense, was charged with four counts of forgery. After plea negotiations he entered a plea of guilty to all four counts. Before accepting the plea, the trial court admonished the defendant of the possible penalties as set forth in the Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 et seq.) The court in its admonition did not expressly cover the possibility of concurrent or consecutive sentences for the four charges then pending, nor was there an express admonition that the sentences to be received on those charges could be concurrent with or consecutive to the sentence previously imposed and for which the defendant was then on parole.

As part of the plea negotiations, however, the sentences to be imposed on the pending four counts for forgery were to be concurrent each with the other, and, furthermore, such sentences were to be concurrent with the prior sentence of 2 to 7 years for which the defendant was on parole. Furthermore, the plea negotiations indicate that the State had obtained

an agreement from a parole officer to withhold a parole violation warrant for a short period of time and to delay the issuance of the *mittimus* in this case for a like period of time. The terms and conditions of the plea negotiations are set forth in the record. They were recited to and acquiesced in by the defendant.

■■ Upon this appeal, the defendant urges that there was noncompliance with the requirements of Supreme Court Rule 402(a)(2). (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(2).) In *People v. Zatz,* 13 Ill.App. 3d 322, 300 N.E.2d 16, we did hold that a failure to admonish as to the possibility of consecutive sentences constituted non-compliance with the cited section of Supreme Court Rule 402. *Zatz* is distinguishable from this case, however, in that it did not involve plea negotiations. Furthermore, in *People v. Wills,* 23 Ill.App.3d 25, 319 N.E.2d 269 (S.Ct. 47039, Cert. of Import., March Term), *Zatz* was expressly overruled and the court found no error in failure of the trial judge to admonish the defendant as to the possibility of consecutive sentences where a consecutive sentence was not imposed. Thus, under *Wills,* the technical deficiency in the admonition does not constitute grounds for reversal.

The defendant further urges that the plea negotiations resulted in a plea agreement that was incapable of fulfillment and that therefore the defendant's plea of guilty should be vacated. It is the position of the defendant that section 5—8—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(f)) requires that the sentence imposed on the four counts for forgery be served consecutively with the prior 2- to 7-year sentence for which the defendant was then on parole. That section of the statute provides that a sentence of an offender "committed" to the Department of Corrections at the time of the commission of the offense shall be served consecutively to the sentence under which he is *held* by the Department of Corrections.

■■ In *People v. Hudson,* 11 Ill.App.3d 147, 296 N.E.2d 40, the court discussed the above statutory provision and its predecessor. In the course of the discussion, the court clearly indicates that the statutory language relates to an offense committed while the offender is *in custody,* or *is confined,* or *is held* by the Department of Corrections. It does not follow that the defendant's status as a parolee mandates a consecutive sentence under the cited section of the Code of Corrections.

The defendant, by an appendix to his brief, attempts to establish that the Department of Corrections is treating the 3- to 9-year sentences as consecutive to the sentence of 2 to 7 years. Although we take notice of action of the Parole and Pardon Board or the Department of Corrections, we are not bound by the action taken. For the reasons stated, we hold that the plea agreement reached through plea negotiations was not in-

capable of fulfillment as a matter of law, and that the sentence imposed was in accordance with the plea negotiations. Accordingly, the judgment of the circuit court of Macon County is affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.