THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN HENRY CHERRY, Defendant-Appellant.

(No. 12770; )

Fourth District—July 3, 1975.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana, for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, John Henry Cherry, appeals from his conviction pursuant to a guilty plea for the offense of burglary and from a sentence imposed of 1 to 6 years' imprisonment. Defendant's sole contention is that his conviction must be reversed because the trial court did not admonish him of the possibility of consecutive sentences.

On May 6, 1974, defendant appeared in court and entered a plea of guilty to the offense of burglary. Defendant was then admonished as to his various rights. The State then informed the court that pursuant to plea negotiations it would recommend a 1- to 6-year term of imprisonment in return for defendant's guilty plea. Judgment was then entered on the plea. Defendant then waived a sentencing hearing. The court was informed that at the time of the commission of the instant offense defendant was on parole for a prior burglary conviction which carried a 1- to 6-year sentence. Defendant was not at any time informed of the possibility of consecutive sentences. Defendant was then sentenced to a 1- to 6-year term of imprisonment.

Defendant's contention that his conviction must be reversed is without merit. Although the court did not inform defendant of the possibility of a consecutive sentence, such a sentence was not imposed. The record shows that the court was aware of defendant's prior sentence, and there

is nothing in the court's order, nor in the mittimus to indicate that defendant's sentence herein should be served consecutively with his prior sentence. In *People v. Wills*, 23 Ill.App.3d 25, 319 N.E.2d 269, *aff'd in part*, 61 Ill.2d 105, 330 N.E.2d 505, we held that there was no error in the failure of a trial judge to admonish a defendant as to the possibility of consecutive sentences where a consecutive sentence was not actually imposed. We find that decision to be dispositive herein. Accordingly, the judgment and sentence imposed is thereby affirmed.

We note that the records of the State prison at Vandalia indicate that defendant, No. 87807, is serving his two 1- to 6-year terms consecutively. While this issue is not before us, inasmuch as the trial judge did not impose a consecutive sentence, the action of the Department of Corrections in requiring the defendant to serve the sentence imposed in this case consecutively to his prior sentence is in direct contravention of our holding in *People v. Griffith*, 26 Ill.App.3d 405, 325 N.E.2d 392.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.