THE PEOPLE *ex rel.* RANDALL L. GIBSON, Petitioner-Appellant, *v.* JOSEPH CANNON, Warden, Stateville Correctional Center, Respondent-Appellee.

Third District No. 75-183

Opinion filed March 31, 1976.

Mark W. Burkhalter and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Thomas E. Cowgill, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal by Randall Gibson, is from the denial and dismissal of his petition for writ of habeas corpus in the circuit court of Will County. Respondent-appellee, Joseph Cannon, the Warden of the Stateville Correctional Center, is represented by the Will County State's Attorney.

On July 31, 1974, Gibson filed a petition for a writ of habeas corpus in the circuit court of Will County claiming the Department of Corrections was holding him illegally since he had fully served the penitentiary sentences imposed upon him. The basis for his claim was his contention the determination by the Department of Corrections that his burglary sentence should run consecutively to, rather than concurrently with, his robbery sentence, was not in accordance with the burglary judgment order nor was it required by statutory law. He asked the court to rule the burglary sentence run concurrently with the robbery sentence.

On April 27, 1971, after a conviction for robbery, Gibson was sentenced to a term of from one to five years in the penitentiary. On December 22, 1971, he was paroled from that sentence. On June 9, 1973, while still on parole, he was arrested in Cook County on a burglary charge. He pled guilty to the burglary charge and on December 3, 1973, was sentenced by the circuit court of Cook County to a term of from one year to one year and a day in the penitentiary. On February 4, 1974, he was declared a parole violator by the Parole and Pardon Board as of June 9, 1973. On April 22, 1974, he was informed by the Department of Corrections his burglary sentence would run consecutively to his prior robbery sentence. The order of the circuit court of Cook County did not specify whether the sentence was to run consecutively or concurrently.

■■ The general rule is in the absence of specific provisions to the contrary in the judgment order, two or more sentences of a defendant to the same place of confinement run concurrently. (*People v. Anderson*, 407 Ill. 503, 95 N.E.2d 366; *People v. Boney*, 128 Ill. App. 2d 170, 262 N.E.2d 766.) This rule, of course, as conceded by defendant, would not apply where there is contrary statutory law. Since the judgment order in the case at bar is silent, we must determine if there is statutory law contrary to the general rule. The Department of Corrections argues that under sections 5—8—4 (f) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(f)), a sentence imposed on petitioner for an of-

fense committed while on parole is required to be made consecutive to the sentence underlying the parole. This subsection of the statute reads: "A sentence of an offender committed to the Department of Corrections at the time of the commission of the offense shall be served consecutive to the sentence under which he is held by the Department of Corrections.***" The disposition of this case depends on the construction to be given the cited statute.

■■ There is recent case law concerning the above-cited provision. In *People v. Griffith*, 26 Ill. App. 3d 405, 325 N.E.2d 392, defendant was charged with four counts of forgery while on parole. He pled guilty and was sentenced to concurrent sentences. Defendant contended section 5—8—4(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(f)) required consecutive sentences and therefore his plea negotiations during which he was not so informed rendered the order imposing concurrent sentences incapable of fulfillment. The *Griffith* court held "In *People v. Hudson*, 11 Ill. App. 3d 147, 296 N.E.2d 40, the court discussed the above statutory provision and its predecessor. In the course of its discussion, the court clearly indicates that the statutory language relates to an offense committed while the offender is *in custody*, or *is confined*, or *is held* by the Department of Corrections. It does not follow that the defendant's status as a parolee mandates a consecutive sentence under the cited section of the Code of Corrections." (26 Ill. App. 3d 405, 407.) In *People v. Cherry*, 29 Ill. App. 3d 929, 930, 332 N.E.2d 55, defendant was convicted, pursuant to a guilty plea, of burglary. The court held the conviction was not subject to reversal on the ground the trial court did not admonish defendant, who was on parole from a prior conviction, of the possibility of consecutive sentences, where a consecutive sentence was not imposed. The court, in holding the action of the Department of Corrections in requiring defendants serve sentences consecutively was improper, held, "We note that the records of the State prison at Vandalia indicate that defendant, No. 87807, is serving his two 1- to 6-year terms consecutively. While this issue is not before us, inasmuch as the trial judge did not impose a consecutive sentence, the action of the Department of Corrections in requiring the defendant to serve the sentence imposed in this case consecutively to his prior sentence is in direct contravention of our holding in *People v. Griffith*, 26 Ill. App. 3d 405, 325 N.E.2d 392." In accordance with the above cases, we hold the cited section of the statute does not require a parolee's sentence for an offense committed while on parole, to run consecutively to the sentence underlying the parole.

For the foregoing reasons the judgment of the circuit court of Will

County denying and dismissing petitioner's writ of habeas corpus is reversed and remanded with the direction an order be entered consistent with the views expressed herein.

Reversed and remanded.

ALLOY, P. J., and STENGEL, J., concur.