THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PHILLIP E. GILLESPIE, Defendant-Appellant.

Second District (1st Division)   No. 76-67

Opinion filed February 10, 1977.

Ralph Ruebner and Joshua Sachs, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant, while on work release following a felony conviction, was convicted of a later felony. The trial judge sentenced him to a term with a minimum of 4 years and a maximum of 4 years and 1 day, to run concurrently with the earlier 2 1/3- to 7-year term. However, when the State's Attorney cited section 5—8—4(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(f)) the trial judge entered consecutive sentences with a recommendation that the Illinois Parole and Pardon Board treat the sentences as concurrent. Defendant appeals, contending that the court was not required to impose consecutive sentences.

Section 5—8—4(f) of the Unified Code of Corrections provides as pertinent:

> "A sentence of an offender committed to the Department of Corrections at the time of the commission of the offense shall be served consecutive to the sentence under which he is held by the Department of Corrections.* * *"

Defendant argues that the provision only requires consecutive sentences when the defendant is actually imprisoned. He reasons that the purpose of the enactment is to deter prisoners from further crimes while confined since concurrent sentences would be no deterrent to them, while the deterrent for one on parole or work release is a return to the penitentiary. The State argues, however, that section 5—8—4(f) applies by its clear terms to any "offender committed to the Department of Corrections," and that the "work and day release" program is one established by that department for persons committed to it. See Ill. Rev. Stat. 1973, ch. 38, par. 1003—13—1.

■■ In *People ex rel. Gibson v. Cannon,* 65 Ill. 2d 366 (1976), the Illinois Supreme Court has recently held that section 5—8—4(f) does not mandate consecutive sentencing where the defendant receives a sentence based upon an offense committed while on parole. In its opinion the supreme court rejected the argument that the term "committed to the Department of Corrections" is comprehensive and includes constructive restraint by the Department of Corrections as well as physical incarceration. The court noted that the statute also refers to those "held" by the department, connoting a state of physical restraint. And it noted that the lack of physical restraint in the instance of a parolee was "underscored by the fact that a parolee is entitled to a hearing before his parole is revoked * * *." (65 Ill. 2d 366, 370.) The court also noted that its holding was in accordance with the underlying legislative purpose, stating on pages 373-74:

> "Where an offender is already incarcerated, the prospect of a concurrent sentence may not serve as an effective deterrent to future crime, unless such a sentence would be significantly longer than the sentence originally imposed. A mandatory consecutive sentencing requirement provides this deterrent. Where an offender is on parole, however, the prospect of a parole revocation itself acts to discourage crime. In such a case, concurrent sentencing may be the most appropriate disposition."

The State argues the status of a parolee is fundamentally different from that of a prisoner on work release; that a parolee is not in the custody of, confined to, or physically held by the Department of Corrections. Therefore it argues that for a parolee to return to the penitentiary is alone substantial punishment, whereas a defendant on work release is in

custody and confined to or held by a prison with the only difference in status from that of an ordinary prisoner being that an offender on work release is allowed outside the actual prison to a limited extent. Therefore it reasons that a concurrent sentence on an already confined prisoner would be no deterrent.

■■ We conclude that section 5—8—4(f) of the Unified Code of Corrections mandates consecutive sentencing where the defendant receives a sentence based upon an offense committed while on work release.

The physical restraint imposed upon a work releasee is substantially different from that of a parolee and the underlying reasons for holding that a parolee is not within the mandatory consecutive sentencing provisions in our view does not apply to a work releasee. Section 3—13—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1003—13—4) provides in substance that the Department of Corrections shall establish rules governing release status, and that if a committed person violates any rule the department may impose sanctions appropriate to the violation including prosecution for escape. The fact that the statute contemplates the trial of a work releasee for the crime of escape in the event of unauthorized absence underscores the intention to treat him as a prisoner and not merely as one in constructive custody of the Department of Corrections. See also *United States v. Rudinsky*, 439 F.2d 1074 (6th Cir. 1971).

In contrast the control of the Department of Corrections over a parolee is defined in constructive terms rather than in terms of confinement. It is the Parole Board and not the Department of Corrections which may revoke parole for violation of a condition and then only after a preliminary hearing to determine cause and a further hearing on the merits before the Parole Board.

■■■ In the case of a parolee the court in *People ex rel. Gibson v. Cannon*, 65 Ill. 2d 366 (1976), found that because of the lack of physical restraint of a parolee it was not clearly the intention of the legislature to enlarge the scope of the mandatory consecutive sentencing requirement so as to include one in that status, particularly since the statute could be reasonably construed to exclude parolees. We cannot find a similar basis for excluding those held by the Department of Corrections in a form of confinement merely because they have been allowed to spend part of the time outside the prison walls.

The work and day release article of the Unified Corrections Code states:

> "The Department may allow a committed person to leave an institution or facility during reasonable hours where such release would assist the individual's rehabilitation and would not cause

undue risk to the public * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 1003—13—2.)

The provision suggests that a prisoner may be released on a day to day or even on an hour to hour basis as well as on a regular employment schedule. Moreover, some of the purposes for which a prisoner may be released may be infrequent or single occurrences such as obtaining medical treatment or attending to family needs. (Ill. Rev. Stat. 1973, ch. 38, par. 1003—13—2(2) and (4).) When the privilege to leave prison is limited in this manner the threat of losing that privilege is diminished. The legislature could well have believed that the loss of the work releasee's limited permission to spend part of his time outside the prison was not a sufficient deterrent without the threat of consecutive punishment in the event of a subsequent offense. The legislature evidenced its belief by clearly stating in section 3—13—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1003—13—2) that a work releasee is "committed" to the Department of Corrections, a commitment which is evidenced in part by actual incarceration within the prison walls. Such an individual would be within the scope of section 5—8—4(f).

■■ We therefore conclude that the consecutive sentence imposed by the trial court was under the mandatory provisions of the statute. The judgment is affirmed.

Affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.