THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAY FREDERICK LUNDEEN, Defendant-Appellant.

Second District   No. 77-11

Opinion filed December 23, 1977.

Mary Robinson and Michael M. Mulder, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene L. Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant entered a plea of guilty to the offense of burglary and was sentenced to a term of four to 12 years imprisonment to be served consecutively to an earlier term of imprisonment to which he had been sentenced for involuntary manslaughter. He appeals contending he was not admonished by the trial court of the possibility of a consecutive sentence and his guilty plea must, therefore, be vacated.

On June 16, 1976, defendant and his counsel appeared before the trial court and tendered a plea of guilty to the pending burglary charge against him. The plea was not negotiated. The court generally admonished defendant as is required by Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402), but with regard to the minimum and maximum sentence prescribed for the offense informed defendant as follows:

"THE COURT: * * * [T]hat's a second class felony, and that's punishable by from one to twenty years in the penitentiary, followed by a three-year period of parole, and up to a $10,000 fine, did you know that?

THE DEFENDANT: Yes, I do now.

THE COURT: All right. Also you can apply for probation or conditional discharge. I take it you wish to do that?

THE DEFENDANT: Yes."

After determining the factual basis for the plea and otherwise complying with Rule 402, the trial court accepted defendant's plea of guilty, allowed him to file an application for probation and ordered that a presentence investigation be conducted.

A partial sentencing hearing was held on July 30 where it was disclosed to the court that defendant had previously been convicted of burglary and theft and was at the time of the commission of his current offense in the custody of the Department of Corrections on a work release program while serving a previously imposed sentence of four to 12 years for involuntary manslaughter. A further sentencing hearing was held September 1 during which the following colloquy occurred between defense counsel, the judge, the prosecutor and defendant:

"MR. COOPER [defense counsel]: * * * He's going to do whatever time he's sentenced to under the statutes of this State consecutively with what he's doing now.

THE COURT: What's he doing now?

MR. COOPER: You'll have to tell us.

MR. WEILAND [prosecutor]: Four to twelve.

THE DEFENDANT: My time will be 1980 when I get out.

THE COURT: You're going to max out on the twelve year one?

THE DEFENDANT: I imagine. Whatever I get on this one here will have to go on top of that one.

MR. COOPER: The statute requires, I think, the offense committed while in custody of the Department of Corrections done consecutively with the time being served."

The trial court thereafter imposed the sentence which is the subject of this appeal. After sentencing, the court advised defendant of his right to appeal and that he should then file a notice of appeal within 30 days. The court further advised defendant that he would be provided with an attorney and a transcript of the proceedings if he was without funds for that purpose, but did not admonish defendant, pursuant to Supreme Court Rule 605(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 605(b)), as to the necessity of filing a motion to vacate his guilty plea within 30 days as a condition to his right to appeal. No such motion was filed on defendant's behalf but he did file a notice of appeal within 30 days of being sentenced.

■■■ Although defendant did not comply with Supreme Court Rule 605(b) we will not apply the bar to his appeal prescribed by Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) where it is clear he was not advised of that requirement by the trial court. (*People v. Ryant* (1976), 41 Ill. App. 3d 273, 274, 354 N.E.2d 395, 396.) Where, as in this case, the substantive basis for review of the error claimed is apparent in the record on appeal (it has been fully briefed by both parties in this case) we may properly consider the appeal on its merits without directing an unnecessary remand to the trial court for its consideration of a motion to vacate the judgment below which defendant is entitled to present. *People v. Saldana* (2d Dist. 1977), 53 Ill. App. 3d 636, 368 N.E.2d 1055.

■■ We reach, then, the merits of this appeal and find that the trial court did not adequately admonish defendant as to the penalty to which he would be subjected by his plea of guilty. Supreme Court Rule 402(a)(2) provides that before a plea of guilty may be accepted by the court a defendant must be admonished by the court of "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." (Ill. Rev. Stat. 1975, ch. 110A, par. 402(a)(2).) The need to fully advise defendant of the sentence requirement should he enter a plea of guilty was particularly important here where section 5—8—4(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(f)) mandated he receive a consecutive sentence when convicted for an offense committed when on work release while committed to the Department of Corrections. *People v. Gillespie* (1977), 45 Ill. App. 3d 686, 689, 360 N.E.2d 133, 135.

The State suggests, however, that there has been substantial compliance with Rule 402 in that defendant was advised by his own counsel in the presence of the court that a consecutive sentence was possible and the failure of the trial judge to personally so advise defendant could not prejudice him and the requirements of Rule 402 were met.

Rule 402 by its own terms requires only "substantial compliance" with its provisions and the Illinois Supreme Court has held that burden will have been met if "an accused *prior to the acceptance* of his plea of guilty is advised by the court of the sentence to jail or imprisonment that might at that time be imposed if his plea is accepted." (Emphasis added.) (*People v. Krantz* (1974), 58 Ill. 2d 187, 195, 317 N.E.2d 559, 564.) While it is not necessary that the actual admonition relative to the minimum and maximum sentence come from the lips of the trial judge (*People v. Miller* (1972), 2 Ill. App. 3d 851, 277 N.E.2d 898), it is required that the possible penalties be known to defendant, on the record, at the time of his plea of guilty. *People v. Compton* (1973), 16 Ill. App. 3d 196, 305 N.E.2d 582 (abstract); *People v. Weakley* (1970), 45 Ill. 2d 549, 259 N.E.2d 802; *People ex rel. Tolley v. Twomey* (1973), 13 Ill. App. 3d 64, 299 N.E.2d 795; *People v. Flannigan* (1971), 131 Ill. App. 2d 1059, 267 N.E.2d 739.

■■ It is clear defendant was aware at the sentencing hearing on September 1, 1976, that any sentence imposed by the court as a result of his plea of guilty to burglary would need be served consecutively to his previous sentence. The record is silent, however, as to defendant's knowledge in this regard when he entered his plea of guilty to that charge over two months earlier on June 16, 1976. It suggests he then believed he was eligible for probation or conditional discharge and the trial court informed him burglary was punishable by "one to twenty years" in the penitentiary, but there is no showing in the record that defendant knew from any source before his guilty plea that he would receive a consecutive sentence.

For these reasons the judgment of conviction and sentence imposed upon defendant's plea of guilty will be reversed and his plea will be vacated. The cause is remanded to the Circuit Court of Kane County, Illinois, and defendant will be permitted to plead anew to the charge of burglary.


Reversed and remanded.


RECHENMACHER, P. J., and GUILD, J., concur.