THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES WILBERT DAVEY, Defendant-Appellant.

Fourth District   No. 4—86—0679

Opinion filed April 6, 1987.

Daniel D. Yuhas and Timothy M. Gabrielsen, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant was convicted of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a)) and enforcement of discipline (escape) in that he failed to return to the Urbana Community Correctional Center while on work release (Ill. Rev. Stat. 1985, ch. 38, par. 1003—6—4). He was sentenced to concurrent five-year terms of imprisonment for the offenses, the sentences to run concurrent to each other but consecutive to the remaining time he was incarcerated as a result of his conviction in cause No. 85-CF-1098. Defendant appeals arguing that

the court erred in sentencing as it believed it was required to sentence defendant to terms to run consecutive to the term of imprisonment he was serving at the time of the offenses (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—4(f), (g)), whereas another provision of the Unified Code of Corrections (Code) requires the trial court to try and sentence those confined by the Department of Corrections in the same manner as those not so confined (Ill. Rev. Stat. 1985, ch. 38, par. 1003—6—5).

The crux of defendant's argument is that the trial court had discretion to sentence him to serve these sentences consecutive to the earlier one, but that the court believed consecutive sentencing was mandatory and therefore did not exercise the requisite degree of discretion as mandated by section 3—6—5 of the Code. We disagree and affirm.

Section 5—8—4 of the Code provides in pertinent part:

"(f) A sentence of an offender committed to the Department of Corrections at the time of the commission of the offense shall be served consecutive to the sentence under which he is held by the Department of Corrections. However, in case such offender shall be sentenced to punishment by death, the sentence shall be executed at such time as the court may fix without regard to the sentence under which such offender may be held by the Department.

(g) A sentence under Section 3—6—4 for escape or attempted escape shall be served consecutive to the terms under which the offender is held by the Department of Corrections." (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—4(f), (g).)

Section 3—6—5 of the Code, relied on by defendant, provides:

"When any person is charged with committing an offense while confined by the Department, cognizance thereof shall be taken by the circuit court of the county wherein such crime was committed. Such court shall adjudicate and sentence the person charged with such crime in the same manner and subject to the same rules and limitations as are now established by law in relation to other persons charged with crime. The expense of prosecution shall be paid by the Department." (Ill. Rev. Stat. 1985, ch. 38, par. 1003—6—5.)

First, we observe that the language of both of these sections has been in the Code since 1973 (see Ill. Rev. Stat. 1973, ch. 38, pars. 1003—6—5, 1005—8—4(f), (g)), and has remained constant, as quoted above, since that time. Second, section 3—6—5 is within article VI of the Code (Ill. Rev. Stat. 1985, ch. 38, pars. 1003—6—1 through

1003—6—5), involving institutions, facilities, and programs therein, whereas section 5—8—4 of the Code is within article VIII (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—1 through 1005—8—7), the provisions of which deal with imprisonment, with section 5—8—4 specifically detailing the statutory scheme for concurrent and consecutive terms of imprisonment.

Defendant maintains that the coexistence of section 3—6—5 with section 5—8—4(f) gives rise to an ambiguity in the latter provision which must be resolved in favor of the accused. Defendant relies on *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180, wherein the supreme court determined—consistent with Fourth District precedent (*People v. Cherry* (1975), 29 Ill. App. 3d 929, 332 N.E.2d 55; *People v. Griffith* (1975), 26 Ill. App. 3d 405, 325 N.E.2d 392)—the language of section 5—8—4 of the Code as it then read (1972 Ill. Laws 2258), did not require a parolee's sentence for an offense committed while on parole to run consecutive to the sentence underlying the parole. The court found this result to adhere because the Department's " 'custody' [of a parolee] is constructive, rather than physical." *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 370, 357 N.E.2d 1180, 1182.

■ *Cannon* discussed the interplay of section 3—6—5 and section 5—8—4(f) in explaining the rationale for holding parolees were *not* within the terms of the latter section:

"With the adoption of the Unified Code of Corrections, effective January 1, 1973, the content of section 14 [section 14 of 'An Act in relation to the Illinois State Penitentiary' (Ill. Rev. Stat. 1971, ch. 108, par. 118)] was carried forward in sections 3—6—5 and 5—8—4(f). Section 3—6—5 provides in relevant part:

'When any person is charged with committing an offense while confined by the Department, cognizance thereof shall be taken by the circuit court of the county wherein such crime was committed. Such court shall adjudicate and sentence the person charged with such crime in the same manner and subject to the same rules and limitations as are now established by law in relation to other persons charged with crime.' (Ill. Rev. Stat. 1973, ch. 38, par. 1003—6—5.)

A comparison of the two statutes indicates that whereas the former section 14 was limited to those who were 'held in confinement in the penitentiary system,' the current section 3—6—5 includes any person 'confined by the Department.' The council commentary to section 3—6—5 states: 'This section

substantially reenacts former law, except that the language makes it uniformly applicable to all persons within the Department and not solely to those confined in adult, male institutions.' Ill. Ann. Stat., ch. 38, par. 1003—6—5, at 144 (Smith-Hurd 1973).

Section 3—6—5 thus enlarges upon the scope of section 14. The respondent perceives an additional expansion in section 5—7—4(f)'s omission of the word 'confinement.' As previously noted, section 5—8—4(f) requires that the offender be 'held by the Department' at the time of the commission of the offense. In our judgment, the mere failure to add the words 'in confinement' offers no strong evidence of any legislative intent to subject a whole new class of offenders *to the mandatory consecutive sentencing requirement,* especially since the words 'in confinement' would be, in this context, arguably surplusage.

\* \* \*

We would point out that a construction of section 5—8—4(f) so as not to apply to parolees is fully in accord with what we perceive to be the underlying legislative purpose in devising a mandatory consecutive sentencing requirement. *Where an offender is already incarcerated, the prospect of a concurrent sentence may not serve as an effective deterrent to future crime, unless such a sentence would be significantly longer than the sentence originally imposed. A mandatory consecutive sentencing requirement provides this deterrent.* Where an offender is on parole, however, the prospect of a parole revocation itself acts to discourage crime. In such a case, concurrent sentencing may be the most appropriate disposition." (Emphasis added.) (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 371-74, 357 N.E.2d 1180, 1183-84.)

We concur with the decision of the Second District Appellate Court in *People v. Gillespie* (1977), 45 Ill. App. 3d 686, 689, 360 N.E.2d 133, 135, wherein the court stated:

"The physical restraint imposed upon a work releasee is substantially different from that of a parolee and the underlying reasons for holding that a parolee is not within the mandatory consecutive sentencing provision in our view does not apply to a work releasee. \*\*\* The fact that the statute contemplates the trial of a work releasee for the crime of escape in the event of unauthorized absence underscores the intention to treat him as a prisoner and not merely as one in constructive custody of the Department of Corrections. See also

*United States v. Rudinsky*, 439 F.2d 1074 (6th Cir. 1971)." See also *People v. Marble* (1982), 91 Ill. 2d 242, 437 N.E.2d 641 (section 3—6—4 of the Unified Code of Corrections does not apply to probationer serving in county facility); *People v. Huston* (1983), 113 Ill. App. 3d 70, 446 N.E.2d 568 (upholding escape conviction of work releasee for failing to return to work assignment); *People v. Lundeen* (1977), 55 Ill. App. 3d 799, 371 N.E.2d 329 (reversing judgment of conviction and sentence imposed on defendant's plea of guilty, vacating the plea and remanding for defendant to be permitted to plead anew, finding need to fully advise defendant of sentence requirement should he enter a plea of guilty was particularly important to section 5—8—4(f) mandate he receive a consecutive sentence when convicted for an offense committed while on work release while committed to the Department of Corrections); *cf. People v. Chatman* (1977), 49 Ill. App. 3d 1034, 364 N.E.2d 739 (distinguishing publication of section 5—8—4(f) as to defendant who was on parole and residence at a halfway house was required as a condition of his parole).

■ Defendant was not on parole at the time of these offenses. Hence, the sentencing judge was correct in applying the mandatory language of section 5—8—4 in making defendant's sentences consecutive to the term of imprisonment he was serving in cause No. 85-CF-1098. The legislature has the authority to define crimes and establish the nature and extent of criminal penalties, and a trial court has an obligation to order the criminal penalties mandated by the legislature. *People v. Wade* (1987), 116 Ill. 2d 1.

Affirmed.

SPITZ, P.J., and KNECHT, J., concur.