(No. 20903.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT BRICKEY, Plaintiff in Error.

*Opinion filed October 23, 1931—Rehearing denied Dec. 8, 1931.*

CHARLES M. PEIRCE, and HERBERT LIVINGSTON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOSEPH W. DEPEW, State's Attorney, and J. J. NEIGER, (EDWARD BARRY, Jr., of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

By this writ of error plaintiff in error, Robert Brickey, seeks to have reviewed the judgment of his conviction in the circuit court of McLean county of the larceny of property of the value of $52.60.

Plaintiff in error was indicted on February 6, 1931, together with Ethel Nolder, Theodore DeVary and three other persons. On February 9, upon being duly arraigned, plaintiff in error pleaded not guilty. He claims that the court erred in not allowing him to withdraw his plea of not guilty and enter a motion to quash the indictment. The bill of exceptions contains no reference to this request, the reasons assigned therefor or the ruling of the court thereon. No motion in arrest of judgment was made and no reference is made to any ruling of the court upon this request in the assignments of error. By pleading not guilty plaintiff in error waived his right to move to quash the indictment, and, after pleading, a motion to quash could not be considered unless leave to withdraw the plea was first obtained and the plea withdrawn. (*People* v. *Green,* 329 Ill. 576.) Leave to withdraw a plea of not guilty rests in the discretion of the trial court, and it is properly denied where no showing is made, at the time leave is asked, why the motion to quash had not been made prior to entering the plea. (*People* v. *Jones,* 263 Ill. 564; *People* v. *Green, supra.*) The judgment cannot be reversed on the ground of the refusal of the court to allow plaintiff in error to withdraw his plea of not guilty. *Page* v. *People,* 99 Ill. 418; *Gilbert* v. *Maggord,* 1 Scam. 471.

It is contended by plaintiff in error that the court erred in refusing to allow his motion for a separate trial, based upon the fact that the indictment had been found upon the

testimony of DeVary, one of the co-defendants, and that DeVary had made confessions which would be prejudicial to plaintiff in error if offered in evidence upon the trial. Under the circumstances plaintiff in error was entitled to a trial apart from DeVary, but the court later rectified this error when, upon motion of the State's attorney, a severance was made and only plaintiff in error and Nolder were tried together.

The bill of exceptions shows that on February 20 a motion to quash the indictment was filed in the office of the clerk of the circuit court of McLean county. This motion does not appear to have been presented to the court and ruled upon. A motion is an application made to the court, and the mere filing of a paper in the office of the clerk is not such an application. It must be brought to the attention of the court and the court asked to rule on it. (*City of Decatur* v. *Barteau,* 260 Ill. 612; *City of Marengo* v. *Eichler,* 245 id. 47.) Counsel not having done so, no question with reference thereto arises upon this review. *People* v. *Keedy,* 84 Ill. 569.

The evidence in the case shows that a store in Tazewell county was broken into and property stolen therefrom was taken into McLean county. Paragraph 731 of chapter 38 of Cahill's Statutes provides, in part: "Where property is stolen in * * * one county of this State and carried into another, the jurisdiction shall be in any county into or through which the property may have passed." The indictment in this case charged plaintiff in error with the larceny of the property in McLean county and did not charge a stealing in Tazewell county and the bringing of the stolen property into McLean county. Plaintiff in error contends that he was not guilty of larceny in McLean county and that the statute above quoted is unconstitutional. In *Campbell* v. *People,* 109 Ill. 565, it was said with reference to this question: "Under the constitution and laws of this State, as at common law, the local jurisdiction of

all offenses is in the county where the offense is committed. (See art. 2, sec. 9, const. 1870, and sec. 395 of the Crim. Code, Rev. Stat. 1874.) The statute, it will be seen, follows closely the constitution, and declares, 'the local jurisdiction of all offenses not otherwise provided by law shall be in the county where the offense was committed.' Among the provisions for jurisdiction of the same offense in more than one county is where, as in section 399 of the Criminal Code, which provides concerning jurisdiction in larceny that 'where property is stolen in another State or country and brought into this State, or is stolen in one county of this State and carried into another, the jurisdiction shall be in any county into or through which the property may have passed, or where the same may be found.' This latter statute is simply declaratory of the common law on the same subject. Larceny, under the laws of this State, 'is the felonious stealing, taking and carrying, leading, riding or driving away the personal goods of another.' The common law—which contained the same definition of larceny— seems to have regarded the felony as having been committed where the goods were feloniously stolen, but for the purposes of jurisdiction the offense was treated as having been committed within any jurisdiction into which the property was afterwards carried. The rule on this subject proceeds on the legal assumption that where the property has been feloniously taken every act of removal may be regarded as a new taking and asportation. (3 Gray, 434.) That is the meaning of the statute of this State concerning jurisdiction in larceny cases." The act of removal of the stolen property from Tazewell county into McLean county being regarded as a new taking and asportation the venue was properly laid in the indictment in McLean county.

Plaintiff in error complains of the giving of instructions, at the request of the prosecution, upon the subject of alibi and as to the testimony of an accomplice, and also

complains of the refusal of the court to give instructions on those subjects, offered by plaintiff in error. We have carefully examined the instructions given and refused, and while several of the refused instructions state the law correctly and are perhaps more favorable to plaintiff in error than those given at his request upon the same subject, where, as in this case, an unjustifiable number of instructions were requested, many of which were upon the same point, plaintiff in error cannot be heard to complain that the court, in the limited time which it had for the examination of the instructions, did not select those instructions requested which were couched in language more favorable to him than those given on the same subject at his request, provided the jury were fully and fairly instructed upon such subjects. The instructions in this case upon the subject of the testimony of an accomplice, when considered as a whole, comply with the rules laid down on that subject in *People* v. *Rongetti,* 338 Ill. 56, and those upon the subject of alibi comply with what is said in *People* v. *Lacey,* 339 Ill. 480. Complaint is made of some of the instructions on other subjects. We are of the opinion that the jury were fully and fairly instructed and no reversible error was committed by the court in the giving or refusal of instructions.

Plaintiff in error contends that the verdict of the jury was contrary to the weight of the evidence. The jury saw and heard the witnesses and it was their particular province to find and determine the facts from the evidence. There was evidence in the case to justify their finding, and we would not be justified in this case in setting aside their verdict.

Finding no reversible error in the record the judgment of the circuit court is affirmed.

*Judgment affirmed.*