(No. 42122.–

THE PEOPLE OF-THE STATE OF ILLINOIS, Appellee, v. GINO ROSSI, Appellant.

*Opinion filed May 22, 1972.*

14

UNDERWOOD, C.J., and RYAN, J., specially concurring.

GERALD W. GETTY, Public Defender, of Chicago (GEORGE L. LINCOLN, JAMES J. DOHERTY, and JAMES B. HADDAD, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General and ROBERT A. NOVELLE and GEORGE PAPPAS, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Gino Rossi, was indicted for the offenses of aggravated battery and rape. A jury in the circuit court of Cook County found him guilty of aggravated battery, but the jurors could not agree as to the offense of rape, and a mistrial was declared on that charge. The defendant was sentenced to serve not less than nine nor more than ten years in the penitentiary for the offense of aggravated battery. Thereafter, he entered a plea of guilty to the charge of rape and for that offense he was sentenced to serve not less than three nor more than six years in the penitentiary. These two sentences were to run

concurrently with one another, but they were to be served consecutively to a sentence for burglary previously imposed by the circuit court of Du Page County.

The complaining witness testified that she had been taken from a railroad station in Downers Grove to a "clubhouse" in the city of Chicago. There the defendant severely beat her and had sexual intercourse with her against her will. She was then forced to submit to acts of intercourse with several other young men. She was then taken from the clubhouse to a nearby apartment by the defendant and another man. On the way she attempted to run away but the defendant tackled her and led her to the apartment. At that apartment the defendant again had intercourse with her against her will. He slapped her again and she was again forced to submit to acts of intercourse with other men against her will. Finally, the defendant took her to another apartment where she was again forced to submit to intercourse with the defendant and others. The witness managed to escape from this apartment and run to a nearby gas station. From there she telephoned her boy friend. His friend answered and came in a cab and took her to her apartment. There she called her cousin, whose husband called the police.

Michael Hoduc, a witness for the State, testified that he was with the defendant when he took her to the clubhouse and that he later saw her crying in a room in the clubhouse. The gas station attendant testified as to her appearance when she arrived at the station and that she then told him that she had been raped.

The defense presented only one witness, Walter Kaleski, whose testimony related to the events on the night in question. He testified that on that night at the clubhouse the complaining witness had voluntarily had sexual intercourse with him and that she had asked him to hit her before they had intercourse.

The defendant did not testify in his own behalf. At

the trial his attorney requested the trial judge to rule that he would prohibit the State from showing the defendant's prior burglary convictions if he testified. The judge refused because he did not believe that he had any discretionary authority to make such a ruling. In *People v. Montgomery (1971), 47 Ill.2d 510,* this court held otherwise, but our ruling was made prospective. As this trial was conducted before January 25, 1971, the date of the *Montgomery* opinion, we hold that the trial judge did not commit error in refusing to consider whether he should exclude proof of the defendant's prior convictions if the defendant testified.

The defendant asserts that his conviction for aggravated battery should be reversed because the trial court did not rule upon his motion for a psychiatric examination of the complaining witness. A trial court may order a psychiatric examination of a complaining witness in a criminal case involving a sex violation upon a properly supported motion for such an examination. *(People v. Glover (1971), 49 Ill.2d 78, 82.)* But in this case, while defense counsel at one point suggested that if the court granted the State a continuance he would move for a psychiatric examination of the complaining witness, no such motion was actually made. It is clear that no one connected with the trial thought that a motion for a psychiatric examination had been presented to the court.

After judgment and sentence had been entered on the aggravated battery charge, and a mistrial had been declared on the rape charge, defense counsel did move for a psychiatric examination. But this was the first such motion, and while the trial judge did not rule on it, his failure to do so could not have been of any consequence in connection with the defendant's conviction for aggravated battery. While the defendant was still under indictment on the charge of rape, he subsequently pleaded guilty to that charge, so that no disposition of the motion was necessary.

The defendant also argues that the judgment should

be reversed because of the trial court's failure to rule on certain of his attorney's objections to testimony. The failure of a trial court to rule on objections to evidence is not open to review at the instance of one who failed to request a ruling when the court did not make one, or in some other manner pointed out to the trial judge his failure to act. *(People v. Weiss (1937), 367 Ill. 580.)* In this case defense counsel moved for a mistrial shortly after his first series of objections because the court had not ruled on those objections. The issue of the court's failure to rule was thus preserved for review.

There is no doubt that the trial judge erroneously failed or refused to rule upon these objections. Each of the objections, however, was directed to the answers of the witnesses rather than to the questions asked of them. In each instance the witness had made, or had begun to make, a statement which was not responsive to the prosecutor's questions and which defense counsel felt was objectionable. No reason for any of the objections was stated and, except in one instance, there was no motion to strike the testimony. *(People v. Carson (1930), 341 Ill. 11, 16-7; People v. Nakutin (1936), 364 Ill. 563, 571;* 1 Wigmore on Evidence, sec. 18 at p. 325; Cleary, Handbook of Illinois Evidence, sec. 7.4 at pp. 102-3.) After each of defense counsel's objections the prosecutor asked another question, apparently in order to keep the witness from volunteering improper testimony. In these circumstances we think that no reversible error was committed.

The defendant's complaint that the judge improperly reserved his ruling on the defendant's motion for a directed verdict cannot be sustained. At the time that motion was made the attorney for the defendant asked the trial judge whether he wished to hear it at that time or to reserve any hearing. The judge stated that he would reserve the hearing. The judge's action thus appears to have been invited, and cannot now be urged as error.

The defendant urges that "the sentence for aggravated battery cannot stand since the battery was not of independent motivation from the rape for which defendant was also sentenced." We do not find this argument persuasive in the circumstances of this case. The defendant's blows knocked out one of the prosecuting witness's teeth, blackened her eyes and cut her lips. The physical assaults did not cease after the first offense of rape had been committed. We are of the opinion that because of their severity and their continuity the assaults in this case could properly have been determined to be independently motivated. Moreover, the sentence for aggravated battery was imposed upon the verdict of the jury which found him guilty of that offense. The subsequent, lesser sentence imposed for the offense of rape was entered upon the defendant's plea of guilty, and we are of the opinion that the sentence for aggravated battery is not vulnerable to the defendant's attack.

After the sentence was imposed upon the defendant for the offense of aggravated battery, he stated to the trial court that it seemed to him that he was being punished because he exercised his right to a jury trial. That contention is renewed in this court but it is without support in the record. The defendant's brief suggests that the matter had been dragging on and, "*** was of a type where there is good reason to hope that a disposition could be reached without a trial. The State's key witness was a pathetic psychiatric case for whom a jury trial would prove (and did prove) to be a traumatic experience. During portions of her testimony she became nearly hysterical and had to be urged to restrain herself. Against this background, Rossi insisted upon exercising his constitutional right to a trial by jury. The nine-to-ten year sentence, consecutive to a previous burglary sentence, imposed for aggravated battery may be contrasted with the three-to-six year concurrent sentence for the more serious charge of

rape imposed on a plea of guilty when the defendant elected not to run the risk of being penalized for exercising his right to trial by jury a second time."

These considerations are apparently advanced in an effort to argue that they influenced the trial judge to impose an unduly severe sentence. It is further argued that the small spread between the minimum and the maximum sentence for aggravated battery and the fact that the sentences imposed for the episode involved in this case were to run consecutively to the previous sentence for the unrelated burglary imposed by the circuit court of Du Page County, also demonstrate that the sentence was vindictively imposed to punish the defendant for requesting a trial by jury. We find these arguments unpersuasive and we find nothing in the record in this case that would prompt this court to reduce or otherwise alter the sentence.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. CHIEF JUSTICE UNDERWOOD, specially concurring:

While I agree that these judgments and sentences should be affirmed, I regard the question of whether the offenses were "independently motivated" as irrelevant under our statutes relating to prosecution of offenses and sentencing of offenders. My reasons therefor are set forth at length in my dissenting opinions in *People v. Whittington, 46 Ill.2d 405, 410,* and in *People v. Lerch, 52 Ill.2d 78,* and need not be repeated here.

MR. JUSTICE RYAN joins in this special concurrence.