THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERBERT TINSLEY, Defendant-Appellant.

(No. 11955; ■

Fourth District—October 31, 1973.

*Rehearing denied February 11, 1974.*

■

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert James Steigmann, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction of voluntary manslaughter entered upon a jury verdict. Sentence of 9 to 15 years was imposed.

The trial began on December 15, 1970, and the verdict was entered on December 16. Defendant testified in his own behalf. After the defense had rested, defendant's conviction of burglary of 1956 was placed in evidence for impeachment purposes. Defendant urges that such was reversible error.

■■ In the trial court defendant argued that the record of conviction had no probative value as to the charge being heard and was prejudicial. In this court he has moved to supplement the record by filing an affidavit, dated January 3, 1973, by the executive secretary of the Pardon and Parole Board showing that defendant was discharged on October 15, 1960, by reason of the expiration of sentence. The fact of such discharge was not in evidence in the trial court. The motion does not meet the requirements of Supreme Court Rule 329 for amending this record. See Supreme Court Rule 612(h). The motion is denied.

Defendant argues that the objection to the record of conviction was the same as that made in *People v. Montgomery,* 47 Ill.2d 510, 268 N.E.

2d 695, and he cited *People v. Ray*, 3 Ill.App.3d 517, 278 N.E.2d 170, as authority that the court should have exercised its discretion to exclude such record of conviction. *Ray* was reversed in 54 Ill.2d 377, 297 N.E.2d 168. That opinion pointed out that prior to the decision in *Montgomery*, the discretionary authority of the trial court to exclude the record of conviction was not recognized, and that the holding in *Montgomery* was based upon a new interpretation of Section 155—1 of the Criminal Code. (Ill. Rev. Stat. 1969, ch. 38, par. 155—1.) In *People v. Rossi*, 52 Ill.2d 13, 284 N.E.2d 275, it was held that where the trial was conducted before the date of the opinion in *Montgomery*, *i.e.*, January 25, 1971, the trial court did not err in refusing to consider whether he should exclude evidence of a prior conviction introduced for purposes of impeachment.

■■ In a *pro se* document, defendant alleges that he was denied a fair trial because an assistant State's Attorney had spoken with a juror several days before this trial began. The assistant advised the court of the fact. Prior to the commencement of voir dire the matter was discussed upon the record with defendant and defendant's counsel. The assistant stated that he met the individual in a court house corridor by chance, but that at the time he was unaware that the latter was on the jury list, that the discussion concerned court house facilities and that this case had not been mentioned. The court noted that defense counsel might wish to interrogate the juror if called. The voir dire is not in the record. There is no claim that defendant sought to make any challenge to the seating of the juror during voir dire. We find no genuine basis for asserting prejudice.

■■ The prosecution agrees that the sentence must be modified under the provisions of the Unified Code of Corrections, effective January 1, 1973. (*People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1.) Voluntary manslaughter is a Class 2 felony. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 9—2(c).) The statutory sentence for a Class 2 felony is a minimum of not less than one year and a maximum not exceeding 20 years, but the minimum shall not exceed one-third of the maximum. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b) (3) and par. 1005—8—1(c) (3).) By reason of such provisions, the sentence is modified and as modified the minimum sentence shall be a term of not less than five years, and the maximum shall not exceed 15 years.

The judgment of conviction is affirmed. The cause is remanded to the Circuit Court of Champaign County with directions to issue an amended *mittimus* reflecting the sentence as modified.

Affirmed, remanded with directions.

CRAVEN, P. J., and SIMKINS, J., concur.