THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD J. HAMMOND *et al.*, Defendants-Appellants.

(No. 12051;

Fourth District—April 18, 1974.

*Rehearing denied May 20, 1974.*

Julius Lucius Echeles, Frederick F. Cohn, and Carolyn Jaffe, all of Chicago, for appellants.

William E. Lowry, State's Attorney, of Pittsfield (George S. Dzielak, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendants were charged in a two-count indictment with burglary and possession of burglary tools. The first indictment contained no allegation of ownership of the burglarized telephone booth here involved and for that reason that indictment was nolled and another indictment returned.

Following a jury trial, the defendants were found guilty of both charges. A post-trial motion as to the defendant Nora E. Hammond asked that the jury's verdict be set aside or, in the alternative, that a new trial be granted. This motion asserted that the trial court committed error in denying a motion for directed verdict; that the jury's verdict was contrary to the evidence; that the State failed to prove essential elements of the charge and other technical errors. A motion in arrest of judgment on behalf of Donald J. Hammond was filed and by that motion he sought to have the jury's verdict set aside, or in the alternative, a new trial. He specifically alleged that the State failed to prove ownership of the telephone booth and other technical errors. A separate motion for a new trial was filed on the same day and it asserted error in failure to direct a verdict; that the proof was not sufficient to convict; errors in instruction; and other technical errors. Nothing in that motion expressly related to failure of the State to prove ownership of the telephone booth.

Upon hearing of the post-trial motions, the trial court made a specific finding that there was absolutely no evidence showing ownership of the burglarized telephone booth and by reason of this deficiency the evidence was insufficient to sustain a conviction. The trial court ordered a new trial. He denied the motions for acquittal. The trial court denied any relief sought in the post-trial motion with reference to Count II and entered judgments thereon. Defendant Donald Hammond was sentenced to not less than 1 nor more than 2 years in the penitentiary and the defendant Nora Hammond was granted probation. This appeal is from that action of the trial court.

■■ The parties in their original briefs did not raise nor discuss the issue of whether or not this court has jurisdiction to review the order of the circuit court ordering a new trial as to the burglary charge. This court has a duty to inquire as to its own jurisdiction. Since the order for a new trial is not a final judgment, we did raise the question of jurisdiction, and supplemental authority was requested and filed upon the issue.

■■ The final judgment in a criminal case is a sentence. (*People ex rel. Filkin v. Flessner*, 48 Ill.2d 54, 268 N.E.2d 376.) Obviously, the

order for a new trial in this case is not a final judgment in that no sentence was imposed. We do have jurisdiction, however, to review the trial court proceedings as they relate to the offense of possession of burglary tools. Furthermore, it is our studied conclusion that we have jurisdiction to review the order providing for a new trial as part and parcel of the total case pending before this court upon appeal. Supreme Court Rule 615 (Ill. Rev. Stat., ch. 110A, par. 615(b)(2)) provides that this court on appeal may set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken. The present supreme court rule is former section 121—9 of the Criminal Code of 1963 (Ill. Rev. Stat., ch. 38, par. 121—9) without any change in substance. The Committee Comments as to the original section state:

> "In view of the purpose of this entire article to provide *one* complete, full and adequate review, and to do justice to the defendant and the People, this subsection is necessary and consistent with the provisions of subsection (b) enlarging the power of the reviewing court on appeal.

> Subsection (b) is, again, consistent with the philosophy of the entire article that, in the interests of fairness and justice to both the defendant and People when the defendant appeals (or the State in those situations authorized by Article 121), and in the interest of reducing the number of appeals and re-trials and delays in each case, the reviewing court should have the power to do complete justice when the case is before it. Of course, the reviewing court is limited by law and the record before it in each case, but within the scope of these limitations it should be empowered to act."

To ignore the order providing for a new trial and to review the conviction for possession of burglary tools upon the facts of this case would effectively emasculate the purpose of review as set forth in the quoted Committee Comments.

The supplemental brief filed by the appellants relates to the application of Supreme Court Rule 366 and Supreme Court Rule 304, neither of which are expressly applicable to criminal proceedings. (See Supreme Court Rule 612.) We note, however, that in *People v. Lilly,* 56 Ill.2d 493, 309 N.E.2d 1, the supreme court acting under Rule 366 noted that if a case is properly before the court upon one issue, the court would have jurisdiction with reference to the other issues although the order as to those issues was not final and appealable.

The order of the circuit court providing for a new trial upon the specific finding by that court that the evidence was insufficient to convict

by reason of the failure to prove ownership of the burglarized premises is in error. In *People v. Brown*, 99 Ill.App.2d 281, 241 N.E.2d 653, this issue was discussed in much detail. The conclusion reached in *Brown* was that when the evidence is insufficient to convict, a new trial is not ordered but a conviction would be reversed. In *People v. Darling*, 7 Ill.App.3d 687, 288 N.E.2d 502, in a supplemental opinion filed upon rehearing we specifically approved the decision in *People v. Brown* and stated:

> "A successful prosecution for a criminal act requires an indictment, information or complaint charging the defendant with every essential element of the precise crime charged with proof beyond a reasonable doubt supporting every material element of that crime. The consequences of a failure to meet this test was ably and thoroughly discussed in *People v. Brown*, 99 Ill.App.2d 281, 241 N.E.2d 653. In that case there was failure on the part of the State to prove an essential element of the offense and the court there held that on appeal the State was not entitled to a second chance to rehabilitate its case at the expense of the defendant's right to acquittal on the evidence which the State did see fit to present."

In *People v. McCoy*, 44 Ill.2d 458, 256 N.E.2d 449, the Illinois Supreme Court stated: "Since the trial placed defendant in jeopardy and the error is the failure of the evidence to support the charge, there is no basis to order a new trial."

The order of the circuit court ordering a new trial in the face of a specific finding that the evidence was insufficient to convict is contrary to the cited authority and that order is reversed.

The factual circumstances relating to this offense may be summarized as follows. At around 8:40 P.M. on January 19, 1971, a Mrs. McClean looked out the window of her home in Kinderhook, Illinois, and saw a man get out of a car near a telephone booth which was located next to her home. The man had a gadget of some kind with him in the telephone booth. She saw him take the cash drawer out of the pay telephone and empty its contents into a sack. He gave the sack to a lady who got out of the car and walked over to the telephone booth. They then entered their car and drove away. Mrs. McClean noted the license number and telephoned the operator. Mrs. McClean subsequently identified both defendants at a police station as the persons she saw at the telephone booth. A witness, Jim Bruce, a service representative of the General Telephone Company, received a call regarding the incident at the pay telephone and he called the State Police and then went to the telephone location with a plant supervisor and examined the telephone. He described how the mechanism had been tampered with and that there was no coin box inside the telephone.

The chief of police in Pittsfield, Illinois, testified that he received a radio message relevant to the incident; that he saw a car with the indicated license number and stopped the car and arrested the two occupants of the car—the two defendants. The car was watched all night (the night of January 19) and on the following day (January 20) he obtained a search warrant and searched the car. He found a bunch of tools, a telephone door, a wheel-pulling device, a bag that held nickels, dimes and quarters in the aggregate amount of $74.80.

Another witness, Harold Howe, an investigator for the General Telephone Company, testified that on the day of the search he was at the police headquarters, saw the above-mentioned items, and he expressed the opinion that two of the items admitted as exhibits were tools for unlocking pay telephones. Witnesses on behalf of the defendants testified as to alibi and one witness testified that she leased a tavern in Quincy from the defendant Donald Hammond; that she had called him and he was in her place of business on January 19 to fix the lock on a pool table; that he emptied change from the pool table and vending machines and juke box and put the change from the same in a coin bag.

In connection with that phase of this appeal that relates to the conviction of possession of burglary tools, the defendants urge that the affidavit for the search warrant was insufficient to establish probable cause and that accordingly the search was illegal and the trial court erred in not suppressing the items found in the search. We are not so persuaded. Upon this issue, the appellants urge that the affidavit of Charlie Cheek, sheriff of Pike County, given in support of the complaint for the search warrant was insufficient in that the document indicated no date upon which either the informant's (Mrs. McClean) observations were made or related to the complainant. The trial court denied the motion to suppress and we affirm.

■■ In *People v. Dillon*, 44 Ill.2d 482, 256 N.E.2d 451, the court indicated that affidavits in support of complaints for a search warrant must be tested and interpreted in a common sense and realistic fashion and should not be found deficient through hypothetical scrutiny. The provisions of section 108—14 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 108—14) are to like effect. In this case, in addition to the affidavit, the record establishes that the search warrant was not issued until after the court heard testimony from the sheriff to the effect that the search was in connection with the breaking into of the pay telephone on the evening of January 19. He did not specify the year of the occurrence but we agree with the trial court that in seeking a warrant on January 20 with reference to an incident on January 19 and the object to be searched was a 1971 automobile, we do not have such a de-

ficiency of substance as to offend any constitutional right against unreasonable search and seizure.

■■ After the defendants were arrested, Mrs. McClean, the identifying witness, was brought into the room where the defendants were situated. It is suggested that such a procedure was unduly suggestive. The evidence in this record with reference to the witness' opportunity to observe other than at the police station gives her in-court identification an origin independent of and untainted by such confrontation and we find no error. See *People v. Blumenshine*, 42 Ill.2d 508, 250 N.E.2d 152.

■■ In the trial of this case, the defendants initially sought and were granted a continuance so that a new jury list could be obtained which would include 18- to-20-year-olds as eligible jurors. Apparently the case was tried with two persons on the jury who were under 21 years of age. The defendants now contend that the jury was composed of persons not qualified as jurors because of that fact. This reversal of the position taken in the trial court will not be countenanced upon appeal. If such inclusion was error, and we need not decide the issue, it was invited error and we need not pause to consider it. *People v. Rossi*, 52 Ill.2d 13, 284 N.E.2d 275.

The defendants object to certain instructions. However, neither the abstract nor the record in this court have all the instructions given and refused, and this issue is not properly preserved for review upon appeal. (*People v. Daily*, 41 Ill.2d 116, 242 N.E.2d 170.) In addition, it does appear from the record that at the conference on instruction the defendants made no objections to the instructions about which they now complain.

■■ A final issue relates to the examination of a defense witness and the attempted impeachment of that witness by questioning him as to whether or not he had ever been convicted of a felony. There was no objection and as to the defense witness Rife, a question that indicated this witness had been arrested for aggravated battery was the subject of an objection. The objection was sustained and the jury was admonished to disregard it. We perceive no reversible error.

For the reasons stated, the judgments of the circuit court and the sentences imposed for the offense of possession of burglary tools are affirmed. The order of that court ordering a new trial upon the charge of burglary is reversed and this cause is remanded to that court with directions to render a judgment of acquittal on that charge.

Affirmed in part, reversed in part, remanded with directions.

SMITH, P. J., and TRAPP, J., concur.