THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD LEON, Defendant-Appellant.

First District (3rd Division)   No. 78-492

Opinion filed November 29, 1978.

A. J. Marco, of Marco and Mannina, of Downers Grove, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Iris E. Sholder, Assistant State's Attorneys, and Elizabeth Jacob Cohen, law student, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Richard Leon, was charged with criminal trespass to state-owned land. (Ill. Rev. Stat. 1975, ch. 38, par. 21—5.) On December 7, 1977, defendant entered a plea of guilty to that charge, and the court sentenced him to six months in jail. Within 30 days of the entry of

judgment, defendant filed a motion to vacate his guilty plea, as required by Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), effective as amended July 1, 1975, and applicable to the present appeal. Defendant filed his motion to vacate the guilty plea in timely fashion, although he had not been informed of this requirement by the trial court as set forth in Supreme Court Rule 605(b). (Ill. Rev. Stat. 1975, ch. 110A, par. 605(b).) After a hearing, the trial court denied defendant's motion to vacate the guilty plea, and he appeals. Defendant contends that the trial court's noncompliance with Supreme Court Rule 605(b) mandates a vacatur of his guilty plea and a new trial.

■■ Rule 605(b) requires that a defendant who has pleaded guilty be advised at the time of sentencing of the procedures for appealing his conviction. It is undisputed in the present case that the trial court did not comply with Rule 605(b). Yet, the fact remains that defendant has exercised his right to appeal. He filed a timely motion to vacate the plea of guilty and is appealing the court's denial of that motion. Consequently, defendant has failed to demonstrate any prejudice resulting from the court's failure to advise him of his right to appeal. Indeed, the issue has become moot by virtue of the appeal. (See *People v. Theobald* (1976), 43 Ill. App. 3d 897, 356 N.E.2d 1258; *People ex rel. Tolley v. Twomey* (1973), 13 Ill. App. 3d 64, 299 N.E.2d 795.) Under the circumstances, it could only be harmless error.

Although defendant has based his argument upon the trial judge's noncompliance with Rule 605(b), in his brief he has mentioned two other factors in connection with his plea of guilty. We shall comment on them briefly.

Defendant suggests that his plea was not fully voluntary and informed. He was charged with entering and remaining on a junior high school premises after being warned that such entry was forbidden. While the court was admonishing him in connection with his plea, defendant stated that he was pleading guilty but that he had not been asked to leave the premises. The trial judge immediately advised defendant not to plead guilty if he were not guilty and that the court would be reluctant to accept a guilty plea under the circumstances. Defense counsel then stated that defendant was pleading guilty because he was guilty.

■■ Defendant pleaded guilty after a pretrial conference. The record discloses that during the course of admonishments the trial court made nine inquiries as to whether defendant wished to plead guilty. Each received an affirmative response from defendant. The facts, including defendant's presence in the building after notice to leave, were stipulated to by the parties. Defendant's plea of guilty was voluntary and informed.

■■ Defendant also complains that the trial court ignored and misread a psychiatric report which suggested defendant be placed on supervision.

The report, however, was available to the trial court and to both counsel during the pretrial conference leading to defendant's plea of guilty, and the report contained no binding recommendations. It did not concern itself with defendant's ability to stand trial or to plead. Moreover, despite the trial court's misreading of the report's recommendation on the day of the hearing of the motion to vacate the guilty plea, the record indicates that the trial judge was familiar with its content. Nothing about the psychiatric report would justify vacating defendant's plea of guilty.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JIGANTI, P. J., and SIMON, J., concur.