THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JERRY L. HALE, Defendant-Appellant.

Fourth District   No. 15481

Opinion filed October 25, 1979.

Richard J. Wilson and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul C. Komada, State's Attorney, of Charleston (Marc D. Towler and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:
Can a motion to withdraw a plea of guilty be filed and heard prior to sentencing?
Yes.

But an appeal from a denial of such motion cannot be taken until after sentence and the filing of another motion to withdraw the plea.

Defendant pleaded guilty to armed robbery. He now appeals, claiming that the trial court abused its discretion in failing to grant his motion to withdraw that guilty plea.

### JURISDICTION

This court—in fulfillment of our duty to inquire into our own jurisdiction—issued a rule to show cause why this appeal should not be dismissed for want of a timely notice of appeal. Here is why:

| | |
|---|---|
| 9-11-78 | Defendant entered plea of guilty. |
| 10-10-78 | Defendant filed first motion to withdraw guilty plea. |
| 11-9-78 | Motion denied, defendant sentenced, mittimus issued. |
| 12-6-78 | Defendant filed second motion to withdraw guilty plea and to vacate judgment. |
| 2-23-79 | Second motion denied. |
| 2-28-79 | Notice of appeal filed. |

The basic question is at what time must the notice of appeal have been filed? Prior to appealing a judgment on a plea of guilty, a defendant must file with the trial court a motion to withdraw his guilty plea. (58 Ill. 2d R.604(d).) In the instant case, however, we have two such motions which assert the same error alleged on appeal. If the first motion to withdraw the guilty plea was valid for purposes of Rule 604(d), then the only act required by the defendant to perfect his appeal was the filing of a notice of appeal within 30 days of the date sentence was imposed. If this were true, the defendant's notice of appeal here would have had to have been filed on December 9, 1978. As noted above, however, the defendant chose to file the second motion to withdraw and the notice of appeal was not filed until February 28, 1979.

■■ Even though both the State and defense counsel have argued that the first motion was valid, we find that a motion to withdraw a guilty plea, filed prior to the imposition of sentence, is insufficient for purposes of Rule 604(d) to perfect an issue for appeal. That rule states in its relevant portions:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, *within 30 days of the date on which sentence is imposed,* files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." (Emphasis added.) 58 Ill. 2d R.604(d).

The rule purports to require that the motion be filed *after* the imposition of sentence. See *People v. Brooks* (1977), 54 Ill. App. 3d 963, 369 N.E.2d 1353.

■■ In reaching this decision, however, we note that Rule 604(d) anticipates the situation where a guilty plea is accepted and a sentence is imposed on the same date. While this may be the procedure in the vast majority of cases which are disposed of on a guilty plea, that procedure was not followed in this case. Here, the trial court delayed sentencing so that he could have the benefit of a presentence report. We feel it is futile to require a defendant who discovers an error in the guilty plea to wait until a presentence report is prepared (and during any possible continuances in the sentencing hearing) before filing a motion to withdraw his guilty plea. If a valid basis exists for allowing the withdrawal of the guilty plea, a defendant should be allowed to file his motion and proceed to trial without the built-in delay of Rule 604(d).

For this reason, we hold that the first motion properly raised the issue with the trial court even though it would not have perfected the issue for appeal. Since the defendant in this case followed the mandates of Rule 604(d) and filed an additional motion to withdraw his guilty plea, the rule to show cause is discharged.

## Merits

Having thus determined that our jurisdiction has been properly invoked, we now proceed to the merits. The defendant argues that it was an abuse of discretion for the trial court to deny his motion to withdraw his guilty plea where defendant entered the plea believing he had 30 days within which to change his mind. The defendant does not assert that his interpretation of the law is correct. Rather, he argues that a guilty plea must be voluntary, and to be voluntary, the plea must be entered with "a full understanding of what the plea connotes and of its consequences." (*Boykin v. Alabama* (1969), 395 U.S. 238, 244, 23 L. Ed. 2d 274, 280, 89 S. Ct. 1709.) The defendant reasons that since he was under a misapprehension as to the finality of his plea, it was not voluntarily entered.

In contrast, the State argues that the defendant's misapprehension must be reasonable to support a motion to withdraw a guilty plea. The prosecution asserts that since the defendant was properly admonished, and his mistake was not the result of a misleading statement by either the State or the trial court, it was unreasonable.

It is a well-settled rule that the decision of whether to allow a defendant to withdraw his guilty plea, once entered, is within the sound discretion of the trial court. (*People v. Dumas* (1977), 50 Ill. App. 3d 637, 365 N.E.2d 1320.) The refusal to grant the defendant's motion to withdraw will, however, be ruled an abuse of discretion when it appears that the plea of guilty was entered on a misapprehension of facts or the

law. (*People v. Zuckerman* (1964), 46 Ill. App. 2d 210, 197 N.E.2d 136.) The law favors a trial upon the merits by jury, and all courts should so administer the law as to secure a hearing upon the merits, if possible. *People v. Jameson* (1944), 387 Ill. 367, 56 N.E.2d 790.

The question of whether the defendant's misapprehension must be reasonable has rarely been addressed by the Illinois courts. In *Jameson*, the supreme court stated that the trial court should allow the motion to withdraw the guilty plea where the misapprehension of law is "well-founded." Other than this passing reference, we have been unable to find any other Illinois case which squarely addresses the issue presented here.

The State cites the case of *United States ex rel. Curtis v. Zelker* (2d Cir. 1972), 466 F.2d 1092. The *Curtis* case was a habeas corpus action wherein the petitioner asserted, *inter alia*, that the trial court should have ordered a psychiatric examination prior to accepting his guilty plea. In rejecting this contention, the court noted that a defendant's mistaken subjective impressions gained from conferences with his legal counsel are insufficient to set aside a guilty plea, in the absence of substantial objective proof showing that they were reasonably justified.

Logic would dictate, of course, that if a defendant is allowed to withdraw his guilty plea without articulating any objective facts which support his mistaken impressions, there would be no finality of guilty pleas. We hold that it is an abuse of discretion for the trial court to deny a motion to withdraw a guilty plea when such a plea is based upon a misapprehension of law or facts only when the defendant is able to show such a misapprehension by objective facts.

■■ In the present case, we feel the defendant has met such burden. The defendant's unrefuted testimony was that his counsel told him he had 30 days within which to change his mind. A motion to withdraw the guilty plea was filed 29 days after it was entered and before the imposition of sentence. Additionally, our examination of the transcripts of the hearings on the motions to withdraw reveals a degree of confusion on the part of defense counsel, who also represented the defendant at the time of his plea, as to the effect of and the procedure involved in a guilty plea.

■■ Finally, the State claims that the defendant made allegations in his second motion to withdraw his guilty plea which impugned his credibility so as to render his claim of mistaken belief of questionable validity. While it can be said that the defendant did not sustain his burden on all the grounds asserted in his second motion due to the fact that the State introduced conflicting evidence, we conclude that the defendant's testimony as to his subjective mistaken impression was both unrefuted and adequately corroborated by his timely filing and the apparent confusion exhibited by his counsel.

For the above-stated reasons, the rule to show cause is discharged and this cause is reversed and remanded to the circuit court with directions to vacate the judgment and allow the defendant's motion to withdraw his guilty plea.

Reversed and remanded.

REARDON, P. J., and CRAVEN, J., concur.