THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellée, v. GARY POTTS, Defendant-Appellant.

Fifth District   No. 5—83—0502

Opinion filed August 8, 1985.

KASSERMAN, J., dissenting.

Randy E. Blue and Steven E. Wiltgen, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Gary Potts, appeals the judgment entered on his negotiated plea of guilty to the offenses of residential burglary and theft over $300. The State, however, in support of its contention that this court lacks jurisdiction to hear this case, points to the following chronology as being dispositive of the appeal:

| | |
|---|---|
| April 14, 1983 | Defendant entered plea of guilty to theft over $300. Court accepted plea. |
| May 10, 1983 | Defendant filed notice of intent to petition court to withdraw guilty plea; notice contained paragraph requesting court to allow defendant to withdraw guilty plea or, in the alternative, re- |

questing court to appoint counsel for him outside of the office of the public defender to assist him in the proper preparation of such a motion.

June 28, 1983 — Defendant's motion to withdraw guilty plea denied.

July 7, 1983 — Defendant sentenced to five years' imprisonment.

July 20, 1983 — Defendant filed notice of appeal.

July 27, 1983 — Defendant filed second motion to withdraw guilty plea; motion never ruled upon.

■ The jurisdictional defect upon which the State urges us to dismiss is the defendant's failure to properly follow the procedures outlined in Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) for withdrawal of his guilty plea. According to the rule, a defendant may not appeal from a judgment entered upon a plea of guilty unless the defendant files a motion to withdraw his plea of guilty and vacate the judgment within 30 days of the date he is sentenced. The motion must be properly presented to the trial court, which must then promptly hear the motion and rule upon it. If the motion is denied and the defendant desires to appeal, the notice of appeal must be filed within 30 days of the denial. (87 Ill. 2d R. 604(d).) The failure of a defendant convicted on a plea of guilty to file a Rule 604(d) motion is a jurisdictional defect which prevents this court from entertaining an appeal from that judgment unless the defendant has not been properly admonished pursuant to Supreme Court Rule 605(b) (87 Ill. 2d R. 605(b)) that he must file such a motion in order to preserve his right to appeal. *People v. Lundeen* (1977), 55 Ill. App. 3d 799, 371 N.E.2d 329.

In the instant case, we note that although the defendant was not properly admonished according to Rule 605(b) at his sentencing hearing, he nonetheless proceeded to file a timely Rule 604(d) motion as required by the rule. We believe that this fact negates any suggestion that defendant was misled or prejudiced by the improper admonition (see *People v. Leon* (1978), 66 Ill. App. 3d 778, 383 N.E.2d 1378) since defendant has, in fact appealed. Any failure on the part of defendant to preserve his right to appeal is not due to his failure to file a timely Rule 604(d) motion; he did that on July 27, 1983. Rather, it is due to defendant's failure to bring his Rule 604(d) motion to the court's attention for a ruling prior to the time he filed a notice of appeal from the disposition of that motion as is required by Rule 604(d). We must conclude that in light of defendant's actions, the improper admonish-

ment at sentencing was harmless and did not prejudice defendant's right to appeal. The timely filing of a Rule 604(d) motion was, therefore, not waived and defendant was not absolved of his responsibility to otherwise preserve his right to appeal.

Having determined that the timely filing of a Rule 604(d) motion has not been waived, we must now determine whether either of defendant's two Rule 604(d) motions satisfied the rule so as to allow this court to entertain the appeal.

■ Since the defendant filed the May 10 Rule 604(d) motion before he was sentenced, unless there is an exception to the rule that motion was premature and, as such, failed to fulfill Rule 604(d)'s jurisdictional requirement. Defendant's second Rule 604(d) motion, while satisfying the rule's 30-day post-sentence filing requirement, nevertheless failed to satisfy the rule's remaining provisions since the motion was never ruled upon and a notice of appeal was never filed following its disposition. Because the defendant has not filed a second notice of appeal, our jurisdiction over this appeal must be based on the notice of appeal filed on July 20, 1983, which was prior to defendant's second Rule 604(d) motion, with the result that defendant's second Rule 604(d) motion may not be considered by this court. The issue thus becomes whether, under these facts, defendant's May 10 Rule 604(d) motion, despite being filed prior to sentencing, may be considered sufficient under Rule 604(d) to allow us to entertain the appeal. We hold that it may not.

■ We believe that the defendant in *People v. Hale* (1979), 77 Ill. App. 3d 721, 396 N.E.2d 317, *rev'd on other grounds* (1980), 82 Ill. 2d 172, 411 N.E.2d 867, followed the proper procedure in such situations. In *Hale*, the defendant filed his first Rule 604(d) motion prior to sentencing, but filed another Rule 604(d) motion after being sentenced. Both motions were denied, and defendant filed his notice of appeal following the second denial. The court held that the first Rule 604(d) motion could be properly heard and disposed of prior to sentencing, but that an appeal could not be taken from the denial of that motion until defendant had been sentenced and a second Rule 604(d) motion had been considered as required by Supreme Court Rule 604(d). The *Hale* court reasoned that it would be "futile to require a defendant who discovers an error in the guilty plea to wait until a presentence report is prepared (and during any possible continuances in the sentencing hearing) before filing a motion to withdraw his guilty plea." (77 Ill. App. 3d 721, 723, 396 N.E.2d 317, 318.) By enlarging the defendant's opportunities to have his grievances heard, the *Hale* court thus attempted to eliminate the delay inherent in wait-

ing until after sentencing to file a Rule 604(d) motion. The court found that it had jurisdiction to hear the appeal since defendant had filed a second Rule 604(d) motion which was ruled upon before defendant filed his notice of appeal. In so holding, the *Hale* court was able to equitably balance both the defendant's interest in the immediate airing of his grievances and the supreme court rule's jurisdictional requirement and satisfy each of them. We believe this to be a fair and reasonable approach.

The case of *People v. Paul* (1981), 93 Ill. App. 3d 302, 417 N.E.2d 251, also dealt with the issue before us. There, as in the case before us, the Rule 604(d) motion was filed prior to sentencing, and the defendant was not properly admonished at the sentencing hearing. The defendant in *Paul*, however, failed to file a second Rule 604(d) motion. In *dictum*, the *Paul* court specifically questioned the wisdom of the *Hale* decision, but found the facts it was faced with to be distinguishable and was therefore able to find that it had jurisdiction over the appeal. The court expressed concern that strict application of the Rule 604(d) requirement as suggested by the *Hale* court could result in the filing of unnecessary and repetitious motions in the trial court.

We decline to follow *Paul*, however, as we are unpersuaded by the *Paul* court's reservations regarding the *Hale* decision. The *Paul* court's concern with unnecessary repetition presents itself only in situations where the defendant has filed his Rule 604(d) motion prematurely and the court rules on it under the reasoning of *Hale*. Defendant must file the second Rule 604(d) motion only if he has chosen, in contradiction of the plain language of the rule, to file his first Rule 604(d) motion prior to being sentenced. The *Hale* court thus expanded the defendant's right to have his grievances heard by allowing the trial court to consider a prematurely filed Rule 604(d) motion. At the same time, the *Hale* court insisted that Supreme Court Rule 604(d) be followed in order for a defendant to preserve his right to appeal.

The supreme court has been given the authority and responsibility to "provide by rule for expeditious and inexpensive appeals," by the Illinois Constitution. (Ill. Const. 1970, art. 6, sec. 16.) In furtherance of this directive, the supreme court has seen fit to require that a Rule 604(d) motion be filed within 30 days of sentencing and that the notice of appeal therefrom be filed within 30 days of the disposition of that motion. The filing of both a Rule 604(d) motion and a notice of appeal is jurisdictional and, as such, each must be timely filed. As the court noted in *People v. Frey* (1977), 67 Ill. 2d 77, 86, 364 N.E.2d 46, 49: "If the courts are to retain their vitality and litigation is to have

some finality, acts must be accomplished within the time prescribed by law."

In enlarging defendants' opportunities to be heard, the *Hale* court carefully avoided any alteration of the supreme court rule's jurisdictional requirement. Insofar as we do not believe that we may judicially alter that rule, we follow *Hale* and hold that where a defendant appeals from a judgment entered on a plea of guilty, although a premature Rule 604(d) motion may be considered by the court, the defendant must preserve his right to appeal by filing a motion to withdraw his guilty plea within 30 days following the imposition of the sentence and by then filing a timely notice of appeal from the disposition of that motion.

■ In the instant case, although defendant filed a Rule 604(d) motion (his second) within 30 days after he was sentenced, he failed to otherwise comply with the rule in that he failed to promptly present the motion to the trial court for disposition; further, since the motion was never disposed of, he also did not file a notice of appeal from its disposition. Had defendant so requested, the court would have been required to set and hear the second Rule 604(d) motion. "There is no showing that the court refused to act, but only that the motion was not passed upon. A motion is an application to the court, and the mere filing of it in the office of the clerk is not of itself a sufficient application. It must be brought to the attention of the court and the court asked to rule on it. *People v. Hornaday*, 400 Ill. 361, 81 N.E.2d 168; *People v. Brickey*, 346 Ill. 273, 178 N.E. 483. A motion not ruled on presents no question with reference thereto arising on review." (*People v. Stewart* (1952), 412 Ill. 106, 108, 105 N.E.2d 725, 726, *cert. denied* (1953), 346 U.S. 916, 98 L. Ed. 412, 74 S. Ct. 278, and (1953), 346 U.S. 916, 98 L. Ed. 412, 74 S. Ct. 279, *cert. denied* (1955), 348 U.S. 919, 99 L. Ed. 721, 75 S. Ct. 305; see also *People v. Rossi* (1972), 52 Ill. 2d 13, 17, 284 N.E.2d 275, 278.) We must conclude that defendant failed to properly satisfy the jurisdictional requirements of Rule 604(d). Parenthetically, defendant's failure to do more than ask the clerk of the court to file the second Rule 604(d) motion indicates that defendant's apparent diligence and persistence in challenging his plea of guilty were more illusory than real. We conclude that the appeal must be dismissed for lack of jurisdiction. We decline to address the merits.

Appeal dismissed.

JONES, P.J., concurring.

KASSERMAN, J., dissenting:

I am unable to agree with the conclusion of the majority that the defendant was under an obligation to present to the trial court his motion to withdraw his plea of guilty under Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)); therefore, I respectfully dissent.

The majority correctly notes that under Supreme Court Rule 604(d), the defendant is required to "file" a motion to withdraw his plea of guilty; however, Rule 604(d) provides in pertinent part as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. *** The motion shall be presented promptly to the trial judge by whom the defendant was sentenced, ***. The trial court shall then determine whether the defendant is represented by counsel and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. *** The motion shall be heard promptly, ***." (87 Ill. 2d R. 604(d).)

Nothing contained in the rule requires that defendant present his motion to the trial court. In fact, the defendant may well be imprisoned and consequently unable to present the motion to the court for hearing.

All of the cases relied on by the majority are inapposite for the reason that they are cases in which a defendant is attempting to gain an advantage on appeal from the trial court's failure to dispose of a motion which had been filed by the defendant. However, such is not the case in the instant appeal, because had defendant's motion to withdraw his plea been allowed, he would have obtained the relief requested and, conversely, had such motion been denied, this court would now be in a position to rule on the merits of his appeal. Thus, it is the prosecution, and not the defense, that is attempting to gain advantage from the trial court's failure to dispose of defendant's motion.

The defendant has done all that is required of him under Supreme Court Rule 604(d), and he should not be prejudiced by the fact that his motion has not been entertained. Otherwise, the intent and purpose of Rule 604(d) could be circumvented by the trial court's imprisonment of a defendant after intentionally failing to rule on defendant's timely motion to withdraw his plea of guilty.

For the reasons stated, I would reverse the decision of the circuit court of St. Clair County and remand this cause for a hearing on defendant's motion to withdraw his plea of guilty.