**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170236-U

Order filed July 28, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) ) ) | Appeal No. 3-17-0236            3-17-0237            3-17-0238 |
| v. | ) ) ) | Circuit No. 14-CF-2183            15-CF-199            15-CF-1418 |
| DANIEL J. ZAWADKA, | ) ) ) | Honorable Daniel Kennedy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Carter and Wright concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The trial court did not fail to properly admonish the defendant.

¶ 2        The defendant, Daniel J. Zawadka, appeals from the sentences entered upon his three guilty

pleas, arguing that the trial court failed to properly admonish him pursuant to Illinois Supreme

Court Rules 605(b) (eff. Oct. 1, 2001) and 401(a) (eff. July 1, 1984) and erred in denying his request for the removal of his handcuffs during a hearing on his motion to reconsider sentence.

¶ 3                                            I. BACKGROUND

¶ 4        The defendant entered open guilty pleas in three separate cases to aggravated battery (720 ILCS 5/12-3.05(c) (West 2014)), theft by deception (720 ILCS 5/16-1(a)(2)(A) (West 2014)), forgery (720 ILCS 5/17-3(a)(2) (West 2014)), and two counts of identity theft (720 ILCS 5/16-30(a)(1) (West 2014)) in exchange for the dismissal of other pending counts.

¶ 5        The cases proceeded to a consolidated sentencing hearing. The defendant was represented by an attorney from the public defender's office during his guilty plea hearings and continued to be represented by the public defender's office during sentencing. The court sentenced the defendant to the following sentences of imprisonment: (1) two years for aggravated battery, (2) four years for theft by deception, (3) three years for forgery, and (4) two years for identity theft. The sentences for aggravated battery and forgery would be consecutive, and the other sentences would run concurrently. The court stated:

> "Sir, if you wish to withdraw your guilt[y] pleas in these matters or have me reconsider my sentence, you must file a written motion within 30 days of today's date setting forth grounds why. If you don't file *** such a[ ] motion within 30 days of today's date, you waive your appellate rights. If you do file such a motion within 30 days of today's date, I will set it down for hearing. If I grant your motion, we will start all over. If I deny your motion, you have got 30 days from the date of my denial to file your notice of appeal. Do you understand your appellate rights?"

The defendant stated that he did. Defense counsel stated that he was going to file a motion to reconsider sentence. Counsel also stated:

2

"My client also wants me to consider filing a motion to withdraw his plea of guilty. It's something that I had discussed with him before that I need additional time. What I plan to do is order the transcripts of the date that he pled guilty, see if he was admonished. If he was admonished correctly and there is no other issues that I see, I am not going to file a motion to withdraw his plea of guilty, but definitely a motion to reconsider his sentence."

¶ 6        The defendant filed a *pro se* motion to withdraw guilty plea. In the motion, the defendant stated that he pleaded guilty based on "a misapprehension of the law." The defendant also stated that the State had promised to dismiss an additional count and he was improperly admonished. The defendant also filed a *pro se* motion to reconsider sentence, stating that the court considered an improper aggravating factor, failed to consider factors in mitigation, erred in imposing consecutive sentences, and imposed an excessive sentence.

¶ 7        At the next court date, defense counsel stated that it needed more time to get the transcripts, but that the defendant had filed *pro se* motions and wanted to represent himself. The court stated, "You don't want [defense counsel] to represent you?" The defendant said that was correct. The court asked the defendant if he understood that he was at a disadvantage by representing himself. The defendant agreed. The court asked what sort of legal training the defendant had. The defendant stated that he had a bachelor's degree in criminal justice, but no law degree. The court asked if the defendant had ever represented himself and if he knew the rules of evidence. The defendant stated that he had not represented himself, but that he did know the rules of evidence. The court asked the defendant if he understood that he could not complain on appeal about the competency of his own representation and would not receive any additional time in the law library or special consideration. The defendant said he agreed. The court asked the defendant if he understood that

3

he would not be given the chance to change his mind. The defendant said he understood. The court then allowed the public defender's office to withdraw.

¶ 8 The defendant chose to voluntarily withdraw his motion to withdraw his guilty plea, and the case proceeded to a hearing on the defendant's motion to reconsider sentence. The defendant asked if the handcuffs could be taken off. The court denied his request. The court denied the defendant's motion to reconsider.

¶ 9 The defendant completed his sentence on November 2, 2017, and completed his mandatory supervised release (MSR) in November 2018.

¶ 10                                             II. ANALYSIS

¶ 11 On appeal, the defendant argues the court (1) failed to properly admonish him pursuant to Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001), (2) failed to substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), and (3) erred in denying his request for the removal of handcuffs during the hearing on his motion to reconsider sentence.

¶ 12 At the outset, we note that the parties agree that the defendant is no longer incarcerated for these cases and has completed his MSR. Any issues raised in relation to his sentence are, therefore, moot. *People v. Roberson*, 212 Ill. 2d 430, 435 (2004). "A case is moot if the issues involved in the trial court have ceased to exist because intervening events have made it impossible for the reviewing court to grant effectual relief to the complaining party." *Id.* The defendant does not argue that any exceptions to the mootness doctrine apply. The relief requested in the defendant's first two arguments is new postplea proceedings, including the ability to file new motions to reconsider sentence and to withdraw his plea. Since the defendant seeks the ability to file motions to withdraw his plea, we will consider these two arguments on that basis alone. Since the

4

defendant's third argument solely asks for a new hearing on his motion to reconsider sentence, we do not reach the issue as it is moot.

¶ 13    Turning to the merits, the defendant first argues that this case should be remanded for proper admonishments pursuant to Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). Specifically, the defendant argues that the court failed to admonish him that a copy of the transcripts would be provided to him and counsel would be appointed to assist him in preparing his postplea motions.

Before a defendant may appeal a judgment entered upon an open plea of guilty, Illinois Supreme Court Rule 604(d) requires the filing of either a motion to withdraw the plea, a motion to reconsider sentence, or both, within 30 days of sentencing. Rule 605(b) is a corollary to Rule 604(d). *People v. Foster*, 171 Ill. 2d 469, 472 (1996). Rule 605(b) serves to ensure "that a defendant knows of Rule 604(d)'s requirements regarding appeals from sentences imposed upon a plea of guilty." *Id.* Rule 605(b) states:

> "In all cases in which a judgment is entered upon a plea of guilty, other than a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advice the defendant substantially as follows:
>
>> (1) that the defendant has a right to appeal;
>>
>> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcripts of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived."

The court need not strictly comply with Rule 605(b) but need only substantially comply. *People v. Dominguez*, 2012 IL 111336, ¶ 19. The court need only impart to a defendant the essence of the rule "in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* ¶ 22.

¶ 14        We find that the court substantially complied with Rule 605(b). The defendant was on notice that he needed to file postplea motions in order to preserve his appeal rights. See *In re J.T.*, 221 Ill. 2d 338, 347-48 (2006). Moreover, we find that any error would be harmless. While the court did not specifically state that the defendant could have an attorney appointed to represent him and he could receive the transcripts for free, the defendant received a copy of the transcripts,

had counsel before deciding to proceed *pro se*, filed postplea motions, and exercised his right to appeal. See *People v. Leon*, 66 Ill. App. 3d 778, 779 (1978); *People v. Potts*, 136 Ill. App. 3d 1059, 1061-62 (1985).

¶ 15       Next, the defendant contends that the court failed to admonish him pursuant to Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), which states:

> "Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> (1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>
> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

¶ 16       We find *People v. Young*, 341 Ill. App. 3d 379 (2003), instructive. In *Young*, the trial court allowed the defendant to proceed *pro se* on his posttrial motions filed after sentencing, without admonishing the defendant pursuant to Rule 401(a). *Id.* at 382. The defendant challenged this failure on appeal. *Id.* at 387. The court stated that Rule 401(a) does not express that it is mandatory for the court to comply with the technical requirements when a defendant discharges his attorney late in the proceedings. *Id.* The court stated:

> "A defendant who has been represented by an attorney for a period of time is more likely to understand the workings of the system than a defendant who first appears

7

in court. The language of Rule 401(a) manifests only the intent to deal with defendants who are considering a waiver of counsel at the initial-appointment stage of the proceedings. The plain language of Rule 401(a) says that the admonishments are to be given to a defendant 'accused' of an offense 'punishable' by imprisonment. [Citation.] In this case, Young had already been *convicted* of the offense and *sentenced*, while being represented by counsel. Young already knew everything a Rule 401(a) admonishment would have told him." (Emphases in original). *Id.*

¶ 17    We agree with the *Young* court's interpretation of Rule 401(a). The court need not have admonished the defendant pursuant to Rule 401(a). There would have been no use in informing the defendant of the nature of the charge and the possible sentence because the defendant had already been convicted and sentenced. It was clear that the defendant understood his right to counsel, and the court asked a series of questions to confirm that the defendant's waiver was knowing and voluntary. The defendant already knew everything the admonishments would have told him. Therefore, the court did not err in failing to admonish the defendant pursuant to Rule 401(a). See *People v. Harrison*, 2018 IL App (3d) 150419, ¶ 18.

¶ 18    In coming to this conclusion, we reject the defendant's reliance on *People v. Langley*, 226 Ill. App. 3d 742, 749 (1992). *Langley* is factually distinguishable as the defendant in that case had yet to be sentenced when he sought to proceed *pro se*. *Id.* at 744-45.

¶ 19                                III. CONCLUSION

¶ 20    The judgment of the circuit court of Will County is affirmed.

¶ 21    Affirmed.